# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

HABIBOLLAH KERMANSHAH,

                    Plaintiff,

v.

ABBAS KERMANSHAH, ABDOLMAJID
KERMANSHAH, a/k/a MAJID
KERMANSHAH, ABDOLHAMID
KERMANSHAH, a/k/a HAMID
KERMANSHAH, 263 WEST 30TH INC.,
BANAFSH REALTY, INC., EBRAHIM
REALTY, INC., KERMANSHAH
BROTHERS ORIENTAL RUGS, INC.,
KERMANSHAH ORIENTAL RUGS, INC.,
KERMANSHAH BROTHERS RUGS, INC.,
OVERSEAS PARTNERSHIP CO., INC.,
OVERSEAS PARTNERSHIP COMPANY,
RAHMAN NY, INC., SHERIN WEST 86TH
STREET CORP., SHIREWIL, INC., and
WILSHIRE LIMITED,

                    Defendants.

-------------------------------------------------------x

CIVIL ACTION NO. 1:08-cv-00409-BSJ-AJP

ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT MADE BY DEFENDANTS ABDOLMAJID KERMANSHAH, ABDOLHAMID KERMANSHAH, 263 WEST 30TH INC., BANAFSH REALTY, INC., EBRAHIM REALTY, INC., KERMANSHAH BROTHERS ORIENTAL RUGS, INC., KERMANSHAH ORIENTAL RUGS, INC., KERMANSHAH BROTHERS RUGS, INC., OVERSEAS PARTNERSHIP CO., INC., OVERSEAS PARTNERSHIP COMPANY, RAHMAN NY, INC., SHERIN WEST 86TH STREET CORP., SHIREWIL, INC., AND WILSHIRE LIMITED**

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10014
*Attorneys for Defendants*

10635831.1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF RELEVANT ALLEGATIONS ...........................................2

I.      The Kermanshah Brothers' Rug Business...........................................2

II.     The Kermanshah Brothers' Real Estate Business ..............................4

III.    Plaintiff Is Removed From All Kermanshah Brother
        Business By the Mid-1990's. ...............................................................5

ARGUMENT ...................................................................................................7

I.      PLAINTIFF'S COMPLAINT MUST BE
        DISMISSED BECAUSE ALL OF HIS CLAIMS
        ARE TIME-BARRED. .........................................................................7

        A.      The Statutory Period For Plaintiff's Causes of
                Action Range From Two to Six Years. ....................................7

        B.      Each of Plaintiff's Claims Is Based Upon Events
                That Occurred More Than Six Years Ago. ...............................9

        C.      If Plaintiff Had Acted With Reasonable Diligence,
                He Would Have Discovered Any Purported Fraud
                By the Mid-1990's. ................................................................10

II.     PLAINTIFF'S FRAUD-BASED CLAIMS DO NOT
        SATISFY FEDERAL RULE OF CIVIL
        PROCEDURE 9(B). ...........................................................................14

CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

## CASES

*A. Resnick Textile Co. v. Ramapo Trading Corp.*,
  No. 570890-01, 2003 WL 1748363 (1st Dep't Mar. 13, 2003)................................................13

*Almonte v. City of Long Beach*,
  478 F.3d 100 (2d Cir. 2007)..........................................................................................6

*Alster v. Goord*,
  No. 05 Civ. 10883, 2008 WL 506406 (S.D.N.Y. Feb. 26, 2008) ................................5

*Armstrong v. McAlpin*,
  699 F.2d 79 (2d Cir. 1983)..........................................................................................11

*Arneil v. Ramsey*,
  550 F.2d 774 (2d Cir. 1977)........................................................................................13

*Barnett v. Johnson*,
  839 F. Supp. 236 (S.D.N.Y. 1993)...............................................................................6

*Bernstein v. LaRue*,
  501 N.Y.S.2d 896 (2d Dep't 1986)...............................................................................8

*Calcutti v. SBU, Inc.*,
  224 F. Supp. 2d. 691 (S.D.N.Y. 2002).........................................................................8

*Cantor Fitzgerald v. Lutnick*,
  313 F.3d 704 (2d Cir. 2002)........................................................................................6

*Di Pace v. Figueroa*,
  637 N.Y.S.2d 222 (3d Dep't 1996)........................................................................7, 10

*Ely-Cruikshank Co. v. Bank of Montreal*,
  599 N.Y.S.2d 501 (1993) ..........................................................................................8-9

*Ferber v. Ehrlich*,
  No. 93 Civ. 818, 1994 WL 132168 (S.D.N.Y. Apr. 14, 1994) .................................11

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
  479 F. Supp. 2d 349 (S.D.N.Y. 2007).........................................................................15

*Gebhardt v. Allspect, Inc.*,
  96 F. Supp. 2d 331 (S.D.N.Y. 2000)............................................................................6

*Glick v. Berk & Michaels*,
No. 90 Civ. 4230, 1991 WL 152614 (S.D.N.Y July 26, 1991)..................................................15

*Glynwill Invs. v. Prudential Secs. Inc.*,
No. 92 Civ. 9267, 1995 WL 362500 (S.D.N.Y. June 16, 1995)...............................................8

*Grassmueck v. Barnett*,
281 F. Supp. 2d 1227 (D. Wash. 2003)...................................................................................6

*Guilbert v. Gardner*,
480 F.3d 140 (2d Cir. 2007)....................................................................................................8

*Hammond v. Reichbach*,
648 N.Y.S.2d 98 (1st Dep't 1996)..........................................................................................11

*Harrison v. Harlem Hosp.*,
No. 05 Civ. 8271, 2007 WL 2822231 (S.D.N.Y. Sept. 28, 2007).........................................5-6

*Helfand v. Sessler*,
753 N.Y.S.2d 300 (N.Y. Civ. Ct. 2002)..................................................................................8

*Henkind v. Brauser*,
No. 87 Civ. 4072, 1989 WL 54109 (S.D.N.Y. May 17, 1989).........................................12-13

*Henneberry v. Sumitomo Corp. of Am.*,
No. 04 Civ. 2128, 2007 WL 2068346 (S.D.N.Y. July 12, 2007)...........................................15

*Inn Chu Trading Co. v. Sara Lee Corp.*,
810 F. Supp. 501 (S.D.N.Y. 1992)........................................................................................14

*Jones v. Bock*,
127 S. Ct. 910 (2007)...............................................................................................................7

*Kaufman v. Cohen*,
760 N.Y.S.2d 157 (1st Dep't 2003).........................................................................................8

*King v. Fox*,
28 Fed. App'x. 95 (2d Cir. 2002)...........................................................................................14

*Klein v. Bower*,
421 F.2d 338 (2d Cir. 1970)...................................................................................................13

*Levy v. Alliance Capital Mgmt. L.P.*,
No. 98-9528, 1999 WL 642920 (2d Cir. Aug. 20, 1999)........................................................5

*Pressley v. Northeastern Conf. of Seventh-Day Adventists*,
    No. 04-CV-3476, 2006 WL 2482435 (E.D.N.Y. Aug. 25, 2006).............................................8

*Rattner v. York*,
    571 N.Y.S.2d 762 (2d Dep't 1991)......................................................................................11

*Schmidt v. Merchants Desp. Transp. Co.*,
    270 N.Y. 287 (1936)..............................................................................................................9

*Sosa v. Meyers*,
    No. 15813/06, 2006 WL 3393246 (N.Y. Sup. Ct. Nov. 22, 2006) ...........................................11

*Spinap Corp. v. Cafango*,
    756 N.Y.S. 2d 86 (2d Dep't 2003)........................................................................................7

*Sutton v. Wachovia Sec., LLC*,
    208 Fed. Appx. 27 (2d Cir. 2006) ......................................................................................6

*Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso*,
    637 N.Y.S.2d 342 (1995) ....................................................................................................7

*Vogel v. Sands Bros. & Co.*,
    126 F. Supp. 2d 730 (S.D.N.Y. 2001) ..............................................................................14

## STATUTES

Fed. R. Civ. P. 9(b) ...............................................................................................................14

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................5

N.Y. Bus. Corp. Law § 1104-a (McKinney 2008).................................................................10

N.Y. C.P.L.R § 203(g) (McKinney 2008) ...........................................................................8

N.Y. C.P.L.R. § 213(1) (McKinney 2008) .......................................................................7, 8

N.Y. C.P.L.R § 213(2) (McKinney 2008) ..........................................................................8

N.Y. C.P.L.R. § 213(8) (McKinney 2008) ........................................................................8

N.Y. C.P.L.R. § 214(3) (McKinney 2008) ........................................................................8

N.Y. C.P.L.R. § 213 (McKinney 2008) ............................................................................8

Defendants Abdolmajid Kermanshah, Abdolhamid Kermanshah, 263 West 30th Inc., Banafsh Realty, Inc., Ebrahim Realty, Inc., Kermanshah Brothers Oriental Rugs, Inc., Kermanshah Oriental Rugs, Inc., Kermanshah Brothers Rugs, Inc., Overseas Partnership Co., Inc., Overseas Partnership Company, Rahman NY, Inc., Sherin West 86th Street Corp., Shirewil, Inc., Wilshire Limited (with Abbas Kermanshah, the "Defendants")[1] respectfully submit this Memorandum of Law in Support of Their Motion to Dismiss the Complaint filed by Habibollah Kermanshah (the "Plaintiff") in this action pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This is a family dispute.  If this case were to survive the instant motion, the Court would learn that Plaintiff has litigated with his brothers for years in various foreign jurisdictions, including Saudi Arabia and Iran.  The Court also would learn that Plaintiff's claimed contributions to his brothers' business is completely false, and that, indeed, his brothers have supported Plaintiff and his children during his deeply troubled life.

Fortunately, the Court need not get into this familial thicket since each and every claim asserted herein is time barred, in some instances by more than a decade.  The Plaintiff alleges that he has been in business with his brothers since the 1970's, that he provided them with millions of dollars during the 1980's and 1990's, and that they have deprived him of contractual and other rights.  The most recent factual allegation in the Complaint is from 2000.

The statutory period for Plaintiff's claims range from two to six years. Accordingly, any claim that accrued prior to January 6, 2002 -- Plaintiff filed his complaint on

---

[1]    In a stipulation and order dated February 21, 2008, the parties agreed that Defendant Abbas Kermanshah has not yet been served.  (Declaration of Gregory A. Kasper, dated March 21, 2008 ("Kasper Decl.") Ex. A.)

January 6, 2008 -- is barred by the statute of limitations.  The Complaint recites business dealings from the 1970's; real estate purchases in the 1980's and 1990's; fraudulently-induced loans in the 1980's; withheld information in the 1990's; and a lone purportedly fraudulent transaction in 2000.  There is not a single allegation of *anything* occurring after January 2002.

Moreover, there is no excuse for Plaintiff's delay in raising his claims.  The allegations contained in the Complaint demonstrate that the Plaintiff has been or should have been aware of those claims since at least the mid-1990's.  Despite the decades-long business relationship, millions of dollars purportedly given to his brothers, and alleged frauds committed by his brothers in 1986 and 1995, Plaintiff made no inquiries into his alleged investments.  In fact, the Plaintiff specifically alleges that in the mid-1990's his brothers stopped providing him any information about their businesses and excluded him from any and all decisions involving their business.  Those actions plainly put the Plaintiff on notice of any claim he may have had against his brothers.

For all of those reasons, as more fully set forth below, the Complaint should be dismissed in its entirety.

## STATEMENT OF RELEVANT ALLEGATIONS

I.      The Kermanshah Brothers' Rug Business

According to the Plaintiff's Complaint, in 1971, Plaintiff and his brother, Defendant Abbas Kermanshah ("Abbas"), opened a rug store in Tehran, Iran called Kermanshah Rugs.  (Complaint and Jury Demand ("Complaint" or "Compl.") ¶ 21.)  Shortly thereafter, Abbas relocated to the United States and opened a rug store called Houbas Oriental Rugs.  (Compl. ¶ 22.)  Plaintiff alleges that he and Abbas agreed that they would share equally in the  profits from the two rug stores.  (Compl. ¶ 22.)  During the 1970's, Plaintiff supplied rugs from Iran to be sold at the store opened by Abbas.  (Compl. ¶ 23.)

According to the Complaint, in or about 1978, Plaintiff and Abbas moved to Saudi Arabia and expanded their Persian rug business there. (Compl. ¶ 25.) In the late 1970's and early 1980's, the brothers of Plaintiff and Abbas, Defendants Abdolmajid Kermanshah ("Majid") and Abdolhamid Kermanshah ("Hamid") emigrated from Iran to the United States (Compl. ¶¶ 24, 26), and were "charged with overseeing the New York business operations" (Compl. ¶ 31).

In 1972, Abbas formed Houbas Oriental Rugs, Inc. ("Houbas"). (Houbas Oriental Rugs, Inc., Certificate of Incorporation, dated July 11, 1972 (Kasper Decl. Ex. B).) In 1973, Plaintiff and Abbas changed the name of their corporate entity from Houbas to Kermanshah Brothers Oriental Rugs, Inc. ("KBOR"). (Compl. ¶ 42; Houbas Oriental Rugs, Inc, Amendment to the Certificate of Incorporation, dated Jan. 29, 1973 (Kasper Decl. Ex. C).) Plaintiff makes no claims against Houbas, and KBOR was dissolved in 1999. (New York Secretary of State, Corporations Public Inquiry System, Current Status Information form for Kermanshah Brothers Oriental Rubs, Inc., dated Feb. 19, 2008 (Kasper Decl. Ex. D).)

Plaintiff alleges that in 1986 Defendants Abbas, Majid and Hamid gave the Plaintiff 160 shares of KBOR (out of 200) in exchange for satisfaction of his financial contributions, which were deemed loans. (Compl. ¶ 46.) On October 15, 1986, Defendants Abbas, Majid and Hamid formed Kermanshah Oriental Rugs, Inc. ("KOR") and purportedly fraudulently conveyed KBOR's assets to KOR. (Compl. ¶ 47; Kermanshah Oriental Rugs, Inc., Certificate of Incorporation, dated Oct. 15, 1986 (Kasper Decl. Ex. E).)

Plaintiff alleges that Defendants Abbas, Majid and Hamid subsequently gave him a minority ownership interest in KOR. (Compl. ¶ 48.) Plaintiff further alleges that in July 1995 Defendants formed Kermanshah Brothers Rugs, Inc. ("KBR") to "further erode Plaintiff's

ownership interests in the rug business" in some unspecified way.  (Compl. ¶ 48; Kermanshah

Brothers Rugs, Inc., Certificate of Incorporation, dated July 21, 1995 (Kasper Decl. Ex. F).)

There are no allegations that the Defendants took any action against Plaintiff's

purported interest in the Kermanshah brothers' rug business after 1995.

II.    The Kermanshah Brothers' Real Estate Business

The Plaintiff asserts that during the 1980's and 1990's he sent income from his

Saudi Arabian rug operations to his brothers, Hamid and Majid, who used the money to purchase

real estate in New York.  (Compl. ¶¶ 28-29.)  The four brothers purportedly agreed that any and

all investments would be shared equally between them.  (Compl. ¶ 30.)  During the late 1970's,

1980's and 1990's, Abbas, Majid and Hamid – but not Plaintiff – formed various corporate

entities through which they acquired real property in New York City.  (Compl. ¶¶ 32-35, 38-41.)

Plaintiff contends that in or about 1987, he and his brothers, Majid and Hamid,

formed a company called Overseas Partnership Company to acquire a residential building in

New York City.  (Compl. ¶ 36.)  In 2000, his brothers formed Overseas Partnership Co., Inc.

(Compl. ¶ 37.)  The Plaintiff alleges that later that year his brothers transferred the real property

held by Overseas Partnership Company to Overseas Partnership Co., Inc., and, in doing so,

forged Plaintiff's name on the deed and transfer documents.  (Compl. ¶ 37.)  By May 2001, that

sale had been recorded with the Office of the City Register of New York City.  (Bargain and Sale

Deed By and Between Overseas Partnership Company and Overseas Partnership Co., Inc., dated

Jan. 24, 2001 (Kasper  Decl. Ex. G).)

There are no allegations in the Complaint of any misconduct involving the

Kermanshah brothers' real estate holdings after 2000.

III.    <u>Plaintiff Is Removed From All Kermanshah Brother Business By the Mid-1990's.</u>

The Plaintiff claims that up until the mid-1990s, the Defendants forwarded stock certificates, bank records, and other key financial and business documents to him.  (Compl. ¶ 51.)  However, during the mid-1990s, the Plaintiff concedes that Defendants' practice of providing such records "grounded [sic] to a halt."  *Id*.  Thus, as of the mid-1990s, Defendants Abbas, Majid and Hamid "refused to account to Plaintiff or to provide Plaintiff with any information or documentation relating to the rug businesses or the Real Estate Properties."  (Compl. ¶ 45.)

Further, the Plaintiff concedes that by 1995 the Defendants had stripped Plaintiff of any ownership rights in KOR, the final Kermanshah entity in which he alleges to have held a stake, "including decision-making, management, access to documents or information, or any share in revenue or profit."  (Compl. ¶ 48.)  There is no allegation that Plaintiff has had any involvement in or received any benefit from KOR after the mid-1990's.  Plaintiff has admitted that this has left him "with no recoverable interest in the rug and real estate business."  (Compl. ¶ 49.)

## **<u>LEGAL STANDARDS</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Levy v. Alliance Capital Mgmt. L.P.*, No. 98-9528, 1999 WL 642920, at *1 (2d Cir. Aug. 20, 1999) (internal citations omitted).  In determining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court will "accept the material facts alleged in the complaint as true and construe all reasonable inferences in a plaintiff's favor."  *Alster v. Goord*, No. 05 Civ. 10883, 2008 WL 506406, at *2 (S.D.N.Y. Feb. 26, 2008).  However, a court will accept as true only well-pleaded factual

allegations and will not sustain a complaint that consists of "conclusory allegations or legal conclusions masquerading as factual conclusions." *Harrison v. Harlem Hosp.*, No. 05 Civ. 8271, 2007 WL 2822231, at *2 (S.D.N.Y. Sept. 28, 2007) (quoting *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)).

In addition to the facts alleged in the complaint, a court may take judicial notice of information contained in the public record. *Almonte v. City of Long Beach*, 478 F.3d 100, 104 n.2 (2d Cir. 2007); *see also Sutton v. Wachovia Sec., LLC*, 208 Fed. Appx. 27, 29 (2d Cir. 2006) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under rule 12(b)(6)."). Accordingly, it is appropriate for the Court to consider corporate documents and deeds that are readily available from the New York Secretary of State's office or city agencies. *See Grassmueck v. Barnett*, 281 F. Supp. 2d 1227, 1232 (D. Wash. 2003) (a district court may consider public records kept by Secretaries of State; articles of incorporation "fall directly into the category of items that the [court] generally considers proper for judicial notice . . . as part of a 12(b)(6) motion").

In a diversity action, as here, a federal court sitting in New York will apply New York law to determine the applicable statute of limitations. *See Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) ("[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period."); *Barnett v. Johnson*, 839 F. Supp. 236, 238 (S.D.N.Y. 1993) ("A federal court must look to the limitations period of the forum state . . . to determine the timeliness of a claim.").

## ARGUMENT

**I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE ALL OF HIS CLAIMS ARE TIME-BARRED.**

All of the Plaintiff's claims are barred by the applicable statutes of limitations.  "If the allegations [of a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."  *Jones v. Bock*, 127 S. Ct. 910, 920-921 (2007).

**A.    The Statutory Period For Plaintiff's Causes of Action Range From Two to Six Years.**

Under New York law, a cause of action accrues as of the date when "all of the facts necessary to the cause of action" have occurred.  *Spinap Corp. v. Cafango*, 756 N.Y.S. 2d 86, 87 (2d Dep't 2003).  Plaintiff asserts ten causes of action.  The statutory periods for those causes of action range from two to six years:

- The statute of limitations for Plaintiff's first cause of action, declaratory judgment, is based on the statute of limitations of the underlying claim.  *Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso*, 637 N.Y.S.2d 342, 344 (1995).  As explained below, the statute of limitations for each of Plaintiff's other claims -- which would necessarily supply the basis for Plaintiff's declaratory relief and the statute of limitations for that claim -- is no more than six years.

- Plaintiff's second cause of action, shareholder oppression pursuant to New York Business Corporation Law Section 1104-a, is subject to a six-year statute of limitations, accruing from the date of the oppressive conduct or wrongdoing.  *See Di Pace v. Figueroa*, 637 N.Y.S.2d 222, 224 (3d Dep't 1996).

- Plaintiff's third cause of action, common law corporate dissolution, is also subject to a six-year statute of limitations.  Equitable causes of action such as corporate dissolution are governed by a six-year statute of limitations, accruing from the date of the wrongful conduct.  *See* N.Y. C.P.L.R. § 213(1).

- The period of limitations for Plaintiff's fourth cause of action, breach of fiduciary duty seeking money damages, is three years from the date of the breach.[2]  *See Kaufman v. Cohen*, 760 N.Y.S.2d 157, 164 (1st Dep't 2003).

- The statute of limitations for Plaintiff's fifth cause of action, breach of contract, is six years from the date of the breach.  *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (citing N.Y. C.P.L.R § 213(2)).

- Plaintiff's sixth cause of action, fraud, has a statute of limitations of six years from the date of the fraud or two years from either discovery of the fraud, or when the fraud could have been discovered with reasonable diligence.  *See Guilbert*, 480 F.3d 140, 147 (citing N.Y. C.P.L.R. §§ 203(g), 213(8)).  "The Plaintiff bears the burden of establishing that the fraud could not have been discovered before the two-year period prior to the commencement of the action."  *Id.*

- Plaintiff's seventh cause of action, conversion, is subject to a three-year statute of limitations, accruing from the date of the conversion.  *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d. 691, 702 (S.D.N.Y. 2002) (citing N.Y. C.P.L.R. § 214(3)).

- Plaintiff's eighth cause of action, for an accounting, is subject to a six-year period of limitations, accruing from the date on which the duty to pay arises.  *Glynwill Invs. v. Prudential Secs. Inc.*, No. 92 Civ. 9267, 1995 WL 362500, at *3 (S.D.N.Y. June 16, 1995) (citing *Bernstein v. LaRue*, 501 N.Y.S.2d 896, 898 (2d Dep't 1986)).

- The period of limitations for Plaintiff's ninth cause of action, unjust enrichment, is six years, accruing from the date of the wrongful act giving rise to the duty of restitution. *Helfand v. Sessler*, 753 N.Y.S.2d 300, 302 (N.Y. Civ. Ct. 2002) (citing N.Y. C.P.L.R. § 213(1)).

- Plaintiff's tenth cause of action, breach of the covenant of good faith and fair dealing, is subject to a six-year statute of limitations, accruing from the date of the breach. *Pressley v. Northeastern Conf. of Seventh-Day Adventists*, No. 04-CV-3476, 2006 WL 2482435, at *4 (E.D.N.Y. Aug. 25, 2006) (citing N.Y. C.P.L.R. § 213).

Plaintiff filed his complaint on January 16, 2008.  Accordingly, any claim that accrued prior to January 16, 2002 is barred by the statute of limitations.  "Except in cases of fraud . . . the statutory period of limitations begins to run from the time when liability for the wrong has arisen even though the injured party may be ignorant of the existence of the wrong."

---

[2]   To the extent that Plaintiff's breach of fiduciary duty claim is based on fraud, the statute of limitations is six years from the date of the fraud or two years from the date of actual or constructive discovery of the facts constituting the fraud.  *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 167 (1st Dep't 2003).

*Ely-Cruikshank Co. v. Bank of Montreal*, 599 N.Y.S.2d 501, 503 (1993) (quoting *Schmidt v.*

*Merchants Desp. Transp. Co.*, 270 N.Y. 287, 300 (1936)).

> **B.      Each of Plaintiff's Claims Is Based Upon Events That Occurred More Than Six Years Ago.**

          For each cause of action, Plaintiff complains exclusively of events that occurred

well before January 2002 -- this is not surprising since Plaintiff has failed to allege a single event

that occurred since that time.  For example, in Plaintiff's claim for Declaratory Judgment,

Plaintiff identifies the following actions of the Defendants as the basis for relief:

> Defendants Abbas, Majid and Hamid failed to include Plaintiff's
> name or ownership interests in the documents prepared and filed to
> form the corporate-defendants or acquire the Real Estate
> Properties, and/or forged Plaintiff's name on certain transfer
> documents, and/or formed new entities to the deliberate exclusion
> of Plaintiff's ownership rights and interests in the rug business and
> real properties.

(Compl. ¶ 57.)  According to the Complaint, the last Kermanshah brother entity created was

Overseas Partnership Co. Inc., which was created in 2000.  (Compl. ¶ 37.)  The other entities of

which Plaintiff complains were created in the 1970's, 1980's or 1990's.  (Compl. ¶¶ 32-35, 38-41,

47-48.)  Accordingly, any malfeasance in association with the formation of any Kermanshah-

affiliated entity occurred outside the statutory period.  Likewise, the only claim of "forgery" was

alleged to have occurred in 2000, also outside the statutory period.  (Compl. ¶ 37.)

          In Plaintiff's Second Count, minority shareholder oppression, he additionally

complains that Defendants Abbas, Majid and Hamid refused to allow him to participate in their

business ventures.  (Compl. ¶ 60.)  Likewise, in his claim for breach of contract, Plaintiff again

complains of his brothers' refusal "to provide Plaintiff with any information, accounting or

documentation relating to . . . the brothers' business ventures."  (Compl. ¶ 73.)  And, again in his

claim for conversion, the Plaintiff complains that Defendants Abbas, Majid and Hamid "failed to

include Plaintiff as an equal partner and member in the rug business and Real Estate Properties."

(Compl. ¶ 85.)  The Complaint, however, makes plain that Plaintiff's exclusion from the

Kermanshah brothers' business occurred in the mid-1990's, well before January 2002.  (Compl.

¶¶ 45, 51.)

        Plaintiff's alleged status as a current shareholder does not effect the statute of

limitations applicable to his claim under New York Business Corporation Law Section 1104-a or

otherwise absolve Plaintiff of his obligation to diligently pursue his claims.  *See Di Pace v.*

*Figueroa*, 637 N.Y.S.2d 222, 224 (3d Dep't 1996) (denying a current shareholder's petition for

dissolution based on New York Business Corporation Law section 1104-a because no

wrongdoing occurred within the six-year statute of limitation period).

        Having failed to allege any action after January 2002, Plaintiff's claims should be

dismissed in their entirety.

    **C.**    **If Plaintiff Had Acted With Reasonable Diligence, He Would Have Discovered Any Purported Fraud By the Mid-1990's.**

        Plaintiff's fraud claim or claims are not saved by the so-called discovery rule.

With respect to his fraud claim, Plaintiff has alleged that

> the Defendants falsely represented to Plaintiff that he was a equal
> partner and owner of the rug businesses and Real Estate
> Properties . . . , issued stock certificates to Plaintiff that were
> designed to mislead Plaintiff into believing he held an equity
> ownership of some or all of the corporate-defendants, while, in
> fact, rendering those stock certificates worthless.

(Compl. ¶ 85.)  As recited in the Statement of Allegations and explained above, all of these

purported frauds occurred well before January 2002.  Moreover, Plaintiff cannot avoid the

statutory bar for his fraud claim or claims by now asserting that he did not discover these

purported frauds until within the two-year limitation period for discovery of fraud.

        First, Plaintiff makes no allegations of such a recent discovery.

Second, the Complaint itself makes clear that Plaintiff was either aware of his purported claims by the mid-1990's or he should have discovered the claims as a result of his exercise of due diligence.  "[A] plaintiff alleging fraud and relying upon the two-year discovery rule is under a duty to have exercised reasonable diligence to have discovered the fraud."  *Sosa v. Meyers*, No. 15813/06, 2006 WL 3393246, at *6 (N.Y. Sup. Ct. Nov. 22, 2006).  "[W]here it conclusively appears that the plaintiff has knowledge of facts which should have caused her to inquire and discover the alleged fraud" the Complaint should be dismissed.  *Rattner v. York*, 571 N.Y.S.2d 762, 765 (2d Dep't 1991); *see also Hammond v. Reichbach*, 648 N.Y.S.2d 98, 98-99 (1st Dep't 1996).

The test for diligence is well established.

> The test as to when fraud should with reasonable diligence have
> been discovered is an objective one. . . .  Where the circumstances
> are such as to suggest to a person of ordinary intelligence the
> probability that he has been defrauded, a duty of inquiry arises, and
> if he omits that inquiry when it would have developed the truth,
> and shuts his eyes to the facts which call for investigation,
> knowledge of the fraud will be imputed to him.

*Ferber v. Ehrlich*, No. 93 Civ. 818, 1994 WL 132168, at *6 (S.D.N.Y. Apr. 14, 1994) (quoting *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983)).  "The issue of when a plaintiff could have discovered an alleged fraud turns upon whether the plaintiff possessed knowledge of facts from which he or she could reasonably have inferred that fraud had occurred.  A plaintiff may not shut his or her eyes to facts which call for investigation."  *Sosa*, 2006 WL 3393246, at *5.

Plaintiff cannot meet that burden.  Indeed, the Complaint is devoid of allegations that Plaintiff exercised even the most basic diligence -- there are no allegations that Plaintiff made any inquiries of Defendants despite ample reason to do so.  To the contrary, the Complaint makes it clear that the Plaintiff sat on his hands for over ten years despite obvious and plentiful

10635831.1                                         - 11 -

reasons to be concerned for his alleged investment.  The Plaintiff makes the following

allegations:

- Plaintiff began sharing profits with his brother Abbas in 1971 and his other brothers by the late 1970's (Compl. ¶¶ 21-22, 26-27);

- During the 1980's and 1990's, Plaintiff "sent a vast majority of his revenue and income to his brothers in the United States who . . . used the money to invest in real estate in New York" (Compl. ¶ 29);

- In 1986, Plaintiff's brothers defrauded him into forgiving "loans" to them in exchange for an 80% interest in a company that turned out to be worthless (Compl. ¶¶ 46-47);

- In 1995, Plaintiff was again given shares in another company that was worthless (Compl. ¶ 48); and

- In the mid-1990's, Plaintiff was excluded from any and all decisions involving the Kermanshah brothers' business (Compl. ¶ 48) and, despite the fact that Defendants had previously forwarded Plaintiff "stock certificates, bank records, and other financial or business records," he was thereafter denied any information about those businesses (Compl. ¶¶ 51-52).

Despite these ample and blazing red flags, the Plaintiff fails to allege that he ever made any

inquiry as to the millions of dollars he allegedly provided his brothers.  (*See* Compl. ¶ 90.)

To the extent that Plaintiff was truly unaware of his claims, the slightest diligence

would have revealed to Plaintiff that his alleged interest in the Kermanshah brothers' businesses

had been jeopardized.  The Plaintiff could have made demands of his brothers for information or

demanded the return of his capital and sought timely legal recourse if the information or money

to which he believed he was due was not provided.  Indeed, failure to receive required or

requested documents alone triggers a duty to inquire.  In *Henkind v. Brauser*, No. 87 Civ. 4072,

1989 WL 54109 (S.D.N.Y. May 17, 1989), plaintiffs, limited partners in defendant corporation,

asserted several fraud-based claims against defendants.  In his complaint, plaintiff alleged that

defendants failed to issue periodic statements required under an agreement between them.  *Id*. at

*7.  The court held that a "reasonable investor would have inquired into the reasons for

defendants' failure to comply." *Id*. at 8.  The court noted that "[u]nawareness of facts or law, alone, does not justify suspending the statute of limitations" and "[c]ommencement of the statutory period will not await plaintiff's leisurely discovery of the full details of the alleged scheme." *Id*. (quoting *Arneil v. Ramsey,* 550 F.2d 774, 781 (2d Cir. 1977) and *Klein v. Bower,* 421 F.2d 338, 343 (2d Cir. 1970)).

       Moreover, Plaintiff could have obtained publicly available information that would have revealed the alleged frauds.  Had Plaintiff made reasonable inquiries, he easily could have found information from the New York Secretary of State regarding the allegedly fraudulent corporate entities and information from the New York City Register about allegedly fraudulently conveyed real estate.  Plaintiff complains about the Defendants creation of KOR (Compl. ¶ 47); had he checked with the New York Secretary of State he would have discovered that the entity was created in 1986 (Kermanshah Oriental Rugs, Inc., Certificate of Incorporation, dated Oct. 15, 1986 (Kasper Decl. Ex. E)).  *See A. Resnick Textile Co. v. Ramapo Trading Corp.*, No. 570890-01, 2003 WL 1748363, at *2 (1st Dep't Mar. 13, 2003) (noting that plaintiff could have exercised due diligence by making a simple inquiry to the Secretary of State, which inquiry would have made certain facts readily discoverable to plaintiff).  Likewise, Plaintiff complains that his brothers conveyed real estate from Overseas Partnership Company to Overseas Partnership Co, Inc. and forged his signature in the process (Compl. ¶ 37); this transfer was recorded in the Office of the City Register of New York in May 2001 (Bargain and Sale Deed By and Between Overseas Partnership Company and Overseas Partnership Co, Inc. (Kasper  Decl. Ex. G)).  Plaintiff asserts claims against KBOR, but a simple check of the Secretary of State records would have revealed that the corporation was dissolved nine years ago.  (New York

Secretary of State, Corporations Public Inquiry System, Current Status Information form for

Kermanshah Brothers Oriental Rubs, Inc., dated Feb. 19, 2008 (Kasper Decl. Ex. D).)

   To the extent Plaintiff claims that his breach of fiduciary duty claim is based on

fraud, his failure to make any effort to discover facts constituting the fraud also bars his breach

of fiduciary duty claims. *See King v. Fox*, 28 Fed. App'x. 95, 99 (2d Cir. 2002).

   Based on the clear allegations of the Complaint and documents in the public

record, each of Plaintiff's claims clearly is barred by the applicable statute of limitations and

Plaintiff's Complaint should be dismissed in its entirety.

## II. PLAINTIFF'S FRAUD-BASED CLAIMS DO NOT SATISFY FEDERAL RULE OF CIVIL PROCEDURE 9(B).

   In addition to being barred by the applicable statutes of limitations, Plaintiff fails

to adequately plead his fraud claims. Fraud claims must satisfy Rule 9(b) of the Federal Rules of

Civil Procedure. *Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 506-507 (S.D.N.Y.

1992). Pursuant to Rule 9(b), allegations of fraud must be pleaded with particularity. Fed. R.

Civ. P. 9(b). Plaintiff alleges that

> Defendants falsely represented to Plaintiff that he was a equal
> partner and owner of the rug businesses and Real Estate Properties
> and that he was entitled to 25% of all profits, rents, proceeds, and
> income generated by the rug business and the Real Estate
> Properties, issued stock certificates to Plaintiff that were designed
> to mislead Plaintiff into believing he held an equity ownership of
> some or all of the corporate-defendants, while, in fact, rendering
> those stock certificates worthless.

(Compl. ¶ 76.) However, the Plaintiff never identifies which Defendants purportedly made those

representations; nor does he identify when these statements were made or to whom.

   The Plaintiff is required to allege each fraudulent statement, each person who

made the statement, the place where each statement was made, and why such statements are

fraudulent. *Vogel v. Sands Bros. & Co.*, 126 F. Supp. 2d 730, 737 (S.D.N.Y. 2001).

Furthermore, where a claim involves multiple defendants, a plaintiff must identify each defendant's individual role in the fraud and cannot summarily lump all defendants in a single allegation. *Glick v. Berk & Michaels*, No. 90 Civ. 4230, 1991 WL 152614, at *9 (S.D.N.Y July 26, 1991). Conclusory allegations are insufficient to satisfy the pleading standard of Rule 9(b). *Id*. Accordingly, Plaintiff's fraud-based claims must be dismissed.

    To the extent that Plaintiff's breach of fiduciary duty claims are based on allegations of fraud, such claims also must meet the heightened pleading standards imposed by Rule 9(b). *Henneberry v. Sumitomo Corp. of Am.*, No. 04 Civ. 2128, 2007 WL 2068346, at *30-31 (S.D.N.Y. July 12, 2007) (applying Rule 9(b) of the Federal Rules of Civil Procedure to plaintiff's breach of fiduciary duty claim, which was based on the same allegations that supported plaintiff's fraudulent misrepresentation claim); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007) ("breach of fiduciary duty consisting of fraud by a fiduciary, [is] governed by Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting fraud be stated with particularity."). As Plaintiff's breach of fiduciary duty claim offers no additional specificity -- citing only "misconduct set forth herein" (Compl. ¶ 70) -- it must similarly fail.

## **CONCLUSION**

    For the foregoing reasons, Defendants Abdolmajid Kermanshah, Abdolhamid Kermanshah, 263 West 30th Inc., Banafsh Realty, Inc., Ebrahim Realty, Inc., Kermanshah Brothers Oriental Rugs, Inc., Kermanshah Oriental Rugs, Inc., Kermanshah Brothers Rugs, Inc., Overseas Partnership Co., Inc., Overseas Partnership Company, Rahman NY, Inc., Sherin West 86th Street Corp., Shirewil, Inc., Wilshire Limited respectfully request that this Court issue an

order dismissing the Complaint in its entirety, with prejudice, and granting such other and further

relief as this Court deems just and proper.

Dated: New York, New York
        March 21, 2008

SCHULTE ROTH & ZABEL LLP


By:  /s/ Robert M. Abrahams
        Robert M. Abrahams
        Gregory A. Kasper

919 Third Avenue
New York, New York  10022
(212) 756-2000
robert.abrahams@srz.com
gregory.kasper@srz.com

*Attorneys for Defendants*

10635831.1

- 16 -