**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

HABIBOLLAH KERMANSHAH,

Plaintiff,

v.

ABBAS KERMANSHAH, ABDOLMAJID KERMANSHAH, a/k/a MAJID KERMANSHAH, ABDOLHAMID KERMANSHAH, a/k/a HAMID KERMANSHAH, 263 WEST 30TH INC., BANAFSH REALTY, INC., EBRAHIM REALTY, INC., KERMANSHAH BROTHERS ORIENTAL RUGS, INC., KERMANSHAH ORIENTAL RUGS, INC., KERMANSHAH BROTHERS RUGS, INC., OVERSEAS PARTNERSHIP CO., INC., OVERSEAS PARTNERSHIP COMPANY, RAHMAN NY, INC., SHERIN WEST 86TH STREET CORP., SHIREWIL, INC., and WILSHIRE LIMITED,

Defendants.

------------------------------------------------------x

Civil Action No. 1:08-cv-00409-BSJ-AJP

ECF Case

**DECLARATION OF**
**F. BARBARA GLUCK REID**

**F. BARBARA GLUCK REID** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am associated with the law firm of Schulte Roth & Zabel LLP, counsel for Defendants in the above-captioned matter.

2. I submit this declaration in support of the Motion to Dismiss the First Amended Complaint made by Abdolmajid Kermanshah, Abdolhamid Kermanshah, 263 West 30th Inc., Banafsh Realty, Inc., Ebrahim Realty, Inc., Kermanshah Brothers Oriental Rugs, Inc., Kermanshah Oriental Rugs, Inc., Kermanshah Brothers Rugs, Inc., Overseas Partnership Co., Inc., Overseas Partnership Company, Rahman NY, Inc., Sherin West 86th Street Corp., Shirewil, Inc., and Wilshire Limited pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. Annexed hereto as Exhibit A is a true and correct copy of a stipulation and order dated February 21, 2008.

4. Annexed hereto as Exhibit B is a true and correct copy of the Transcript of a conference before the Hon. Andrew Peck on March 13, 2008.

5. Annexed hereto as Exhibit C is a true and correct copy of Certificate of Incorporation of Houbas Oriental Rugs, Inc., dated July 11, 1972, which is on file with the Office of the New York Secretary of State.

6. Annexed hereto as Exhibit D is a true and correct copy of the Amendment to the Certificate of Incorporation of Houbas Oriental Rugs, Inc., dated January 29, 1973, which is on file with the Office of the New York Secretary of State

7. Annexed hereto as Exhibit E is a true and correct copy of the Current Status Information Form for Kermanshah Brothers Oriental Rugs, Inc as of February 19, 2008 from the Corporations Public Inquiry System, which is available from the Office of the New York Secretary of State.

8. Annexed hereto as Exhibit F is a true and correct copy of the Certificate of Incorporation of Kermanshah Oriental Rugs, Inc., dated October 15, 1986, which is on file with the Office of the New York Secretary of State.

9. Annexed hereto as Exhibit G is a true and correct copy of the Certificate of Incorporation of Kermanshah Brothers Rugs, Inc., dated July 21, 1995, which is on file with the Office of the New York Secretary of State.

10. Annexed hereto as Exhibit H is a true and correct copy of the Bargain and Sale Deed By and Between Overseas Partnership Company and Overseas Partnership Co., Inc., dated January 24, 2001, which is on file with the Office of the City Register of New York City and accessible at http://www.nyc.gov/html/dof/html/jump/acris.shtml.

11. Annexed hereto as Exhibit I is a true and correct copy of the General Power of Attorney which is on file with the Office of the City Register of New York City and accessible at http://www.nyc.gov/html/dof/html/jump/acris.shtml.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 14, 2008

By: _/s/ F. Barbara Gluck Reid____________________
F. Barbara Gluck Reid

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HABIBOLLAH KERMANSHAH,

Plaintiff,

v.

ABBAS KERMANSHAH, ABDOLMAJID KERMANSHAH, a/k/a/ MAJID KERMANSHAH, ABDOLHAMID KERMANSHAH, a/k/a HAMID KERMANSHAH, 263 WEST 30TH INC., BANAFSH REALTY, INC., EBRAHIM REALTY, INC., KERMANSHAH BROTHERS ORIENTAL RUGS, INC., KERMANSHAH ORIENTAL RUGS, INC., KERMANSHAH BROTHERS RUGS, INC., OVERSEAS PARTNERSHIP CO., INC., OVERSEAS PARTNERSHIP COMPANY, RAHMAN NY, INC., SHERIN WEST 86TH STREET CORP., SHIREWIL, INC., and WILSHIRE LIMITED,

Defendants.

CIVIL ACTION NO.: 08 CV 00409 (BJS)

STIPULATION + ORDER



IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties hereto.

1. The time within which Defendants other than Abbas Kermanshah (who has not yet been served) may respond to the complaint hereby is extended to and including March 14, 2008; and

2. All Defendants other than Abbas Kermanshah hereby waive any defense based upon failure of service of process, waive all jurisdictional defenses (except as to the existence of diversity jurisdiction) but expressly reserve all other defenses to this action.

10610430.1



Dated: New York, New York
February 19, 2008

SHAPIRO & CROLAND, ESQS.

N. Ari Weisbrot
411 Hackensack Avenue, 6th Floor
Hackensack, New Jersey 07601
(201) 488-3900
aweisbrot@shapiro-croland.com

*Attorneys for Plaintiff*

SCHULTE ROTH & ZABEL LLP

Robert M. Abrahams
919 Third Avenue
New York, New York 10022
(212) 756-2000
robert.abrahams@srz.com

*Attorneys for Defendants*

SO ORDERED:

United States District Judge
Dated: February 21, 2008

10610430.1

# Exhibit B

83c6kerc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HABIBOLLAH KERMANSHAH,

Plaintiff,

v. 08 CV 409(BSJ)(AJP)

ABBAS KERMANSHAH, et al.,

Defendant.

------------------------------x

New York, N.Y.
March 13, 2008
3:00 p.m.

Before:

HON. ANDREW J. PECK,

Magistrate Judge

APPEARANCES

PHILLIPS MIZER, LLP.
Attorneys for Plaintiff
BY: N. ARI WEISBROT

SCHULTE ROTH & ZABEL, LLP
Attorneys for Defendants
BY: ROBERT M. ABRAHAMS
GREGORY A. KASPER

(Case called; in open court)

THE COURT: Let me note for the report that Mr. Abrahams and I practiced law together as associates at the Paul Weiss Rifkind law firm in the dark ages some 25, 30 years ago or so. I generally do not take Paul Weiss cases, but I do not generally recuse on former Paul Weiss colleagues and I want that of note for anyone who cares.

MR. ABRAHAMS: You get to a point where 25 or 30 years means six of one or half a dozen of another.

THE COURT: It is all the same.

MR. WEISBROT: He disclosed that to me and if there is any question we don't have any problem.

THE COURT: Good.

The first question: How many of the -- I've seen from the ECF department a number of affidavits of service, but who has been served, who hasn't been served?

MR. WEISBROT: Judge, by agreement all of the defendants have been served except for, I believe, the first one whose name is Abbas Kermanshah.

THE COURT: What are do doing to serve him, not serve him, dismiss him or whatever?

MR. WEISBROT: We are looking into it. We understand that he comes back and forth to the United States. He may have a place of residence here. We believe he has residence in New Jersey. I don't want to get into it because I don't know just

yet, but we are exploring this.

MR. ABRAHAMS: Mr. Weisbrot is correct. We represent all the defendants. We think as to Abbas that there is no jurisdiction in this court, but we stipulated to appear and respond to the complaint in any event because it wasn't clear when he was going to get served, if he was going to get served. We think we have a knockout defense as to all of the defendants on statute of limitation grounds. We will be filing a motion on, I think, it is Tuesday in accordance with the stipulation that will be filed with the Court.

THE COURT: Tell me a little bit more about that.

MR. ABRAHAMS: Sure. This is a dispute, obviously you can tell by the names, Judge, they are members of a family. Our clients operates a business here in the city. The allegations of the complaint if you take them at their face clearly state claims that are well outside the statute of limitations. These are not close ones. In other words, they are not six years and two days. These allegations at best focus on a period in 1996. There is a couple of allegations relating to the year 2000. But either way you are dealing way a six-year statute and you really are time barred.

In addition, the complaint alleges that the defendant was -- got no information and checks stopped. The plaintiff said checks stopped coming to him in 1996. So when you take those allegations, we have also gone to the secretary of state

because there are allegations of certain of these entities, when they were formed, when they were dissolved and when you put them altogether we think we have a case that is rather clearly time barred even again accepting as true the allegations in the complaint.

THE COURT: What about the minority shareholder oppression and dissolution causes of action?

MR. ABRAHAMS: When you go back to those allegations and look at the entities that the plaintiff is talking about in the case, you find the dissolutions took place way outside the statute of limitations. So one way or the other those claims are going to be time barred.

THE COURT: Mr. Weisbrot, I note that that is not the motion and you are not responding as such, but so I can get a feel for where you are going what --

MR. WEISBROT: Sure. Judge, without belaboring the point what we have here, at least on its face -- and Mr. Abrahams and I have already spent some time talking about this -- it is at least to me too early for me to affirmatively believe and aggressively commit to the fact that I am about to tell you about, but I see evidence of millions of dollars going one way from my client to his younger brothers. The younger brothers were sort of do-nothings, stay here in the United States, didn't really have jobs, were sort of helping out while older brother -- middle brother who is the plaintiff was off in

Saudi Arabia making millions of dollars, selling drugs and sending all of that money back to the brothers. They used that money on agreement to purchase numerous properties in New York.

Unbeknownst to plaintiff until very recently, notwithstanding what Mr. Abrahams is reading into the complaint that I certainly didn't write -- he may have a different version of that, I don't know -- but they are forging his name on deed documents, things we didn't discover until we seen the deed documents. I will represent to the Court that at least one of these entities we found out about it when I pulled the corporation documents a few weeks ago. So it is going to come down to -- I believe it is going to come down to a discovery rule, when it was discovered, if it was reasonable. I think there will be way too many questions of fact at this early juncture -- Mr. Abrahams hasn't even seen any documents in this case yet.

THE COURT: Let me ask a pleading question which is -- I have read the complaint before, but haven't focused on motion practice as opposed to setting discovery schedule -- but for example paragraph 52 says -- I will read it to you. Mr. Abrahams has handed you his copy. "Thus since the mid 1990s the defendants have concealed their business activities from plaintiffs and ceased providing plaintiffs with any information about limitation relating to the brothers' business activities which plaintiff is at the very leased a 25 percent owner.

Obviously, I don't have the complaint memorized, but if the argument is going to be that it was so concealed that he didn't discover it and couldn't have discovered it and didn't discover it until yesterday or the day before the compliant wads filed, rather than go through a motion and leave to replead, etc., if you have the ability to plead that consistent with Rule 11, should we hold off on the motion, give you a short time period to do an amended complaint and then tee up the motion if there still is one.

MR. ABRAHAMS: Well, I read this in the opposite light. First of all, the comments about forgery and all this other stuff and money, needless to say our clients tell the exact opposite story and I am not going to try --

THE COURT: The two sides disagree? I am shocked.

MR. ABRAHAMS: They are family members to boot.

I think the way I read this pleading there is no way you will be able to -- that the plaintiff is going to be able to invoke either equitable toning or the discovery rule in order to get around the statute of limitations. I think he pleaded himself out of that frankly. I think do think it pays to go forward with the motion and with all respect I think it is a knockout. I don't think any repleading is going to work here. We thought about that.

THE COURT: I guess --

MR. ABRAHAMS: Needless to say -- needless to day --

we thought about it, Judge, and when you read this, I don't see how you can read it to say anything other than as of 1996 when he says all these things happened this person was on inquiry notice at a minimum and certainly the claims are going to be time barred.

THE COURT: I guess the question is if you make the motion and they come in and say, This was sloppy drafting in the sense that we are talking about things that occurred as if we knew about the men but that is just because we know about it now and we didn't know about it then, I suspect under the case law they get leave to replead.

I am trying to save you both a good deal of time money. If you want to make the motion, then make the motion. Sounds like if it is due Tuesday and today is Thursday, it is probably significantly drafted.

MR. ABRAHAMS: If I might, specifically paragraph, I think it is 48 -- I may have it wrong.

THE COURT: That is when they appeared minority ownership?

MR. ABRAHAMS: Yes. They allege that at this time he was deprived of any the ownership, deprived of decision-making, access to documents and any information, or any of the revenue and profit. We can trace that because of the entity that they are referring to here. We can trace that to a time period of 20-some-odd years ago, Judge. That is why I don't think this

one is going to make it.

MR. WEISBROT: Just briefly --

MR. ABRAHAMS: I am not suggesting that plaintiff shouldn't try and he surely well.

MR. WEISBROT: Judge, because you gave away my secret while you were making comments before, but I will address them head on right now. There is no dispute and there will no dispute since we have a stock certificate that the plaintiff is a minority shareholder in some of the entities which are active today. He is a minority shareholder today and in that respect he certainly has a cause of action if for nothing else. Again, I disagree, I think your Honor read it right, if they started the active concealment of the fraud on the '90s, that is not an admission by any means that it was discovered in the '90s. Failing to produce additional documentation --

THE COURT: Nor is anything pleaded otherwise.

MR. WEISBROT: Understood.

THE COURT: If I can't get you and Mr. Abrahams to agree, all I can do is say is I look forwarding to reading Mr. Abrahams motion. And if the plaintiff were smart, the plaintiff would amend and then you all will fight about what that does to the pending motion -- and a plague on both of your houses -- so be it. It does strike me that until this is cleared up, it does not make any sense for discovery to go forward.

Does anyone disagree with that?

MR. WEISBROT: No, your Honor. I don't disagree. In fact, to make it even easier, I already told Mr. Abrahams that I will regardless of what happens today or in the future, I will send him the documents that I referenced so he can at least start looking at them.

MR. ABRAHAMS: I agree with Mr. Weisbrot on that. I think that if formerly we try to make some headway by sharing some information -- I have no way of knowing whether they are correct or not. He is an experienced lawyer and we will exchange that information and see if that helps at all.

THE COURT: The other question is since this is a family situation, it may already be past the point of repairing family relations, but regardless of motions and who is going to win at whatever stage of this litigation, have you all talked about trying to resolve the matter or is that difficult to do with the motion that might be a slam-dunk winner being forthcoming in the next few days.

MR. WEISBROT: I suspect that you covered both of our positions. We are always willing to talk. I was actually surprised, although to be fair I have been in limbo for the last couple weeks, there has been no conversations about settlement. We are always willing. In fact, there was a movement -- I don't remember when it was. Maybe it was a couple years ago or more recently -- to try to have a mutual

family lawyer friend to intervene. That didn't work out. We are willing. I will not speak for Mr. Abrahams.

THE COURT: I guess the question is since you are willing before Mr. Abrahams says anything, have you made an offer on behalf of your client because if your willing to talk is that you are going to ask for six times the gross national product and his willingness to talk is that he will give a 20-dollar Metro card I don't think I need to waste much time. If we are serious here that that may be another thing we should think about in connection with or parallel to the motions.

MR. WEISBROT: I haven't made any additional demands other that what is in the complaint. Your Honor, will be pleased to learn that I am not convinced that it is even a monetary settlement. I think that what my client is looking for is his expected and perceived 25 or 50 or 100 or whatever the interest is that he is entitled to in the buildings that he completely 100 percent financed. I think that is what he is looking for. There may be some money involved as well.

THE COURT: That is money in one form or another.

MR. ABRAHAMS: Well, first of all as far as family relations, if I were you Judge, I wouldn't get into that. That probably would be futile on your part.

THE COURT: That is why I am glad I am not in family court.

MR. ABRAHAMS: In addition, though, certainly I think

the idea that we exchange some documents and we keep the lines of communication open if there is any chance of resolving it, obviously the plaintiff has to make a demand. His client never had any interest in the buildings. It is hard to see how you become a 25 percent owner. They are a family and the mother is living. She lives here. So you have to think that there is at least some possibility they will find a resolution. Of course, we are hopeful of that and we will work with Mr. Weisbrot on that.

THE COURT: I guess the final issue is that at the moment Judge Jones has referred this to me for pretrial supervision, which does not include dispositive motions. If both sides want to give me more work, they can stipulate pursuant to 28, United States Code, Section 636(c) either that the entire case from soup to nuts is in front me or a so-called limited or special 636(c) saying the motion to dismiss is in front of me, but other things are reserved for --

MR. ABRAHAMS: For the sake of efficiency, I think it is perfectly appropriate for you to hear the motions to dismiss. Beyond that, I would have to ask the clients what their position will be.

MR. WEISBROT: I agree.

THE COURT: I think we have a form for that. I probably have a copy here. If you both can fill it out, limit it to the motion to dismiss on the line where it says "Motions"

and in the meantime if you all talk to --

MR. WEISBROT: My handwriting is awful.

THE COURT: So is mine.

While the motion is under submission or before it is fully submitted, if your clients and you decide you want to sign the full blown 636(c) in case the case gets beyond the motion, you are free to do that.

MR. ABRAHAMS: On scheduling the motion, we had stipulated to having it on Tuesday. Let me ask that at the Court's indulgence if it cares that it comes in on Friday of next week.

THE COURT: I care desperately, but not that desperately.

MR. WEISBROT: I have no problem.

MR. ABRAHAMS: I realize that we stipulated to this, and I have an appellate brief due on Wednesday --

THE COURT: Please.

MR. ABRAHAMS: -- that is killing me.

THE COURT: March 21. I forget if the stipulation said anything about opposition papers. Did you set a schedule, and if not the normal rule is two weeks. If you want more even without seeing the motion, tell me know as long as it is reasonable --

MR. WEISBROT: My suspicion is that if I go the standard two weeks, I will ask for more time. So if we make it

30 days, I think that will be sufficient.

MR. ABRAHAMS: We have no objection.

THE COURT: So that gets us to April 21 for the opposition. Normally reply is one week.

Let me guess, you want two weeks, Mr. Abrahams?

MR. ABRAHAMS: Yes, Judge. Thank you for your anticipating my needs.

THE COURT: That gets us to May 5th.

But seriously let the mother mediate or whoever it may be.

MR. ABRAHAMS: I asked about that. That doesn't sound like that will work out too well either. We are looking for an uncle maybe.

THE COURT: If you can all settle it, that would be terrific. If not, I will deal with the motion. I will deal with any amended complaint. We will see how that confuses life or simplifies life or anything else.

It is my practice to have a court reporter at these conferences. And unless there is an economic objection, and it sounds like your clients can afford it, but if there is any reason you don't want to pay for the transcript, tell me now. Otherwise, I require both sides to purchase the transcript.

MR. ABRAHAMS: That's fine.

THE COURT: With that, we are adjourned.

Thank you all.

o0o

# Exhibit C



234—Certificate of Incorporation. Business Corporation Law §402.

A 1722

COPYRIGHT 1963 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHER, 80 EXCHANGE PLACE AT BROADWAY, N.Y. SERVICO

# Certificate of Incorporation of
Houbas Oriental Rugs, Inc.
XXXXXXXXXXXXXXXXXXXX.

*under Section 402 of the Business Corporation Law*

IT IS HEREBY CERTIFIED THAT:

*(1) The name of the proposed corporation is*

XXXXXXXXXXXXXXXXXXXX HOUBAS ORIENTAL RUGS, INC.

*(2) The purpose or purposes for which this corporation is formed, are as follows, to wit:*

To design, manufacture, weave, repair, clean, purchase, import, sell and deal in, as principal or agent, carpets, carpet lining, rugs, oriental rugs, antique rugs, mattings, oilcloths, linoleums, and all kinds of floor coverings, wall hangings, draperies, tapestries, curtains, goods and materials for interior furnishings and decoration, and all things incidental or accessory thereto.

*The corporation, in furtherance of its corporate purposes above set forth, shall have all of the powers enumerated in Section 202 of the Business Corporation Law, subject to any limitations provided in the Business Corporation Law or any other statute of the State of New York.*

(3) The office of the corporation is to be located in the City (city) (town) (incorporated village) of New York, County of New York State of New York.

(4) The aggregate number of shares which the corporation shall have the authority to issue is

200 shares, none of which shall have par value

(5) The ser th

porated village)
State of New York
issue is
value

(5) The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is

HOUBAS ORIENTAL RUGS, INC.
290 Fifth Avenue
New York, N.Y. 10001

The undersigned incorporator, or each of them if there are more than one, is of the age of twenty-one years or over.

IN WITNESS WHEREOF, this certificate has been subscribed this 30th day of June 19 72 by the undersigned who affirm(s) that the statements made herein are true under the penalties of perjury.

HOUSHANG GARAKANI-NEJAD
Type name of Incorporator

Houshang Garakani-Nejad
Signature

3530 Rochambeau Avenue, Bronx, NY
Address

ABBAS KERMANSHAH
Type name of Incorporator

[signature]
Signature

3530 Rochambeau Avenue, Bronx, NY
Address

Type name of Incorporator

Signature

Address

STATE OF NEW YORK )
COUNTY OF ROCKLAND ) ss.: A 1722 — 4

On this 30th day of June, 1972, before me personally came HOUSHANG GARAKANI-NEJAD and ABBAS KERMANSHAH to me known to be the persons described in and who executed the foregoing certificate of incorporation and they thereupon duly acknowledged to me that they executed the same.

Doris R. Genosa

DORIS R. GENOSA
Notary Public, State of New York
No. 44-6487050
Qualified in Rockland County
Term Expires March 30, 1974

---

# Certificate of Incorporation

of

HOUBAS ORIENTAL RUGS, INC.

under Section 402 of the Business Corporation Law

---

Filed By: GERALD M. BLUMENFELD, Esq.

Office and Post Office Address

Samsondale Professional Bldg.
West Haverstraw, N.Y. 10993

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED JUL 11 1972
TAX $ 10
FILING FEE $ 50

Secretary of State

$31 ny

# Exhibit D

A45616

CERTIFICATE OF AMENDMENT
OF
CERTIFICATE OF INCORPORATION
OF
HOUBAS ORIENTAL RUGS, INC.
UNDER SECTION 805 OF THE BUSINESS CORPORATION LAW

The undersigned, being the President and the Secretary respectively, of HOUBAS ORIENTAL RUGS, INC., does hereby certify and set forth:

1. The name of the corporation is HOUBAS ORIENTAL RUGS, INC.

2. The Certificate of Incorporation of HOUBAS ORIENTAL RUGS, INC., was filed by the Department of State on the 11th day of July, 1972.

3. The Certificate of Incorporation of HOUBAS ORIENTAL RUGS, INC., is hereby amended to effect a change in the corporate name, pursuant to Section 801 (b) (1) of the Business Corporation Law.

4. Paragraph (1) of the Certificate of Incorporation is hereby amended as follows:

(1) The name of the corporation is KERMANSHAH BROTHERS ORIENTAL RUGS, INC.

5. The manner in which this amendment to the Certificate of Incorporation of HOUBAS ORIENTAL RUGS, INC., was authorized was by the affirmative vote of the holders of a majority of all outstanding shares entitled to vote thereon at a meeting of the stockholders of said corporation duly called and held on the 5th day of January, 1973, a quorum being present.

IN WITNESS WHEREOF, the undersigned has executed and signed this certificate this 15th day of January, 1973.

ABBAS KERMANSHAH, President

ABBAS KERMANSHAH, Secretary

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ABBAS KERMANSHAH, being duly sworn, deposes and says that he is the Secretary of HOUBAS ORIENTAL RUGS, INC., the corporation herein, and one of the persons who signed the foregoing Certificate of Amendment; that he has read the Certificate of Amendment and knows the contents thereof and that the same is true to his own knowledge.

ABBAS KERMANSHAH, Secretary

Sworn to before me this 15th day of January, 1973

GERALD M. BLUMENFELD
Notary Public, State of New York
No. 44-C330026
My Commission Expires March 30, 1973

A45616 — 2

CERTIFICATE OF AMENDMENT

OF THE

CERTIFICATE OF INCORPORATION

OF

HOUBAS ORIENTAL RUGS, INC.

UNDER SECTION 805 OF THE BUSINESS CORPORATION LAW

7/11/72 A1722-4
NYC N/Co
new name OK
5 1/25-

STATE OF NEW YORK
DEPARTMENT OF STATE
TAX $ none
FILING FEE $ 30
FILED JAN 29 1973
John P. Lomenzo
Secretary of State
By

31 hy

Blumenfeld & Vingiello, Esqs.
Suite 101
Samsondale Professional Building
West Haverstraw, New York 10993

2

# Exhibit E

DOSPITECS CORPORATIONS PUBLIC INQUIRY SYSTEM 02/19/08

CURRENT STATUS INFORMATION

CURR NAME KERMANSHAH BROTHERS ORIENTAL RUGS, INC.

NAME ASSMD 01/29/1973 TYPE 01DB A STATUS I 12/29/1999 DISSOLVED BY PROC

EFFECTIVE DATE __/__/____ BIENNIAL RPT NOT REQUIRED

ORIG NAME HOUBAS ORIENTAL RUGS, INC.

| INC. DATE | COUNTY | DURATION | JURISDICTION | FOR. INC. | NFP TYPE |
|---|---|---|---|---|---|
| 07/11/1972 | NEWY | PERPETUAL | | __/__/____ | |

Process Name HOUBAS ORIENTAL RUGS, INC.

Address 290 FIFTH AVE.

City,St,Zip NEW YORK , NY 10001 -

CEO Name

Address

City,St,Zip , -

| TYPE | NUM OF DOCS | STATUS | COUNTY | NFP TYPE | JURISDIC |
|---|---|---|---|---|---|
| DOM BUS | 3 | I | NEWY | | |

| DATE | MICROFILM # | CODE | DESCRIPTION |
|---|---|---|---|
| 12/29/1999 | DP-1436216 | 04DB A | DISSOLUTION BY PROC. (DOM. BUSINESS) — no actual Document |
| 01/29/1973 | A45616-2 | 02DB A | NME |
| 07/11/1972 | A1722-4 | 01DB A | INCORPORATION (DOM. BUSINESS) |
| __/__/____ | | | |
| __/__/____ | | | |
| __/__/____ | | | |
| __/__/____ | | | |
| __/__/____ | | | |
| __/__/____ | | | |
| __/__/____ | | | |

INF101 - PROVIDE REQUIRED INFORMATION AND PRESS APPROPRIATE FUNCTION KEY

===>

1= 2=CURRENT 3=PREVIOUS 4=LIST 5=MERGER 6=STOCK

7=BACKWARD 8=FORWARD 9=CO DETAIL 10= 11=CONVER 12=NAME ENTRY

Increase Font Decrease Font Disconnect

# Exhibit F

CERTIFICATE OF INCORPORATION

OF

KERMANSHAH ORIENTAL RUGS INC.

Under Section 402 of the Business Corporation Law

IT IS HEREBY CERTIFIED THAT:

1. The name of the corporation is:

KERMANSHAH ORIENTAL RUGS INC.

2. The purpose or purposes for which the corporation is formed as follows, to wit:

To engage in any lawful act or activity for which corporations may be formed under the Business Corporation Law. The corporation is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

To own, operate, manage, acquire and deal in property, real and personal, which may be necessary to the conduct of the business.

The corporation shall have all of the powers enumerated in Section 202 of the Business Corporation Law, subject to any limitations provided in the Business Corporation Law or any other statute in the State of New York.

3. The county in which the office of the corporation is to be located in the State of New York is: New York

4. The aggregate number of shares which the corporation shall have authority to issue is 200 shares, no par value.

5. The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The post office address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is:

The corporation
57 Fifth Avenue
New York, New York 10011

IN WITNESS WHEREOF, the undersigned incorporator, being at least eighteen years of age, has executed and signed this Certificate of Incorporation this 14th day of October, 1986.

8412980

Diane L. Foley
Diane L. Foley
33 Rensselaer Street
Albany, New York 12202

STATE OF NEW YORK )
)ss.
COUNTY OF ALBANY )

On this 14th day of October, 1986, before me personally came Diane L. Foley to me known to be the individual described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same.

Sherry L. McDermott
NOTARY PUBLIC, STATE OF NEW YORK
No. 4799129
Qualified in Albany County
Term Expires March 30, 1987

Sherry L. McDermott



CERTIFICATE OF INCORPORATION

OF

KERMANSHAH ORIENTAL RUGS INC.

FILED BY:

Jacob Shakarchy, Esq.
630 Third Avenue
New York, New York 10017

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED OCT 15 1986

AMT. OF CHECK $
FILING FEE $
TAX $
COUNTY FEE $
COPY $
CERT $
REFUND $
SPEC HANDLE $

BY:

# Exhibit G

F950721000479 DIV-11

CERTIFICATE OF INCORPORATION OF

KERMANSHAH BROTHERS RUGS INC.

under Section 402 of the Business Corporation Law

THE UNDERSIGNED, for the purpose of forming a corporation pursuant to Section 402 of the Business Corporation Law of the State of New York, does hereby certify and set forth:

(1) The name of the Corporation is:

KERMANSHAH BROTHERS RUGS INC.

(2) The purpose or purposes for which the Corporation is formed are as follows, to wit:

To engage in any lawful act or activity for which corporations may be organized under the Business Corporation Law exclusive of any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained; subject to any express limitations et forth herein, or in the Business Corporation Law.

To manufacture, make, work, treat, get, store, hold, as bailee or warehouseman, prepare for market, advertise, purchase, buy, sell, import, export, exchange, pledge, use, install, lease, or otherwise dispose of or turn to account, and generally deal in and render service with respect to goods, wares, merchandise, commodities, and personal property of every kind and description, including, but without limiting in any manner the generality of the foregoing, floor treatments of every kind, tile, lineoleum, carpets and rugs, oriental or otherwise, carpet cushions, and floor coverings, whether soft surface or hard surface, and whether made of wool, silk, flax, hemp, jute, sisal, rayon, other fibers, rubber, glass, clay, paper, plastics, or other materials, synthetic or otherwise; cloths, threads, yarns, and fabrics, of all manner and kinds, and suitable for any use or uses whatsoever.

Directly, or through ownership of stock in any corporation, to purchase, lease, rent, exchange, or otherwise acquire real estate and property, either improved or unimproved, and any interest therein; to own, hold, control, maintain, manage and develop the same; to erect, construct, maintain, improve, rebuild, enlarge, alter, manage, operate, and control all kinds of buildings, houses, hotels, apartments, motels, stores, offices, warehouses, mills, shops, factories and plants and all structures and erections of any description on any lands owned, held, rented or leased by the corporation, or upon any other lands; to lease or sublet offices, stores, apartments and other space in such building or buildings, and to sell, rent, lease, sublet, mortgage, exchange, assign, transfer, convey, pledge, alienate or otherwise dispose of any such real estate and property, and any interest therein.

To acquire by purchase, lease or manufacture, or otherwise, any personal property deemed necessary or proper or useful in the equipment, furnishing, improvement, development or management of any property, real or personal, at any time owned, held or occupied by the corporation and to invest, trade and deal in any personal property deemed beneficial to the corporation, and to mortgage, pledge, sell, let, or otherwise dispose of any personal property at any time owned or held by the corporation.

To purchase or otherwise acquire, hold, exchange, pledge, hypothecate, sell, deal in and dispose of mortgages covering any kind of real and personal property, tax liens and transfers of tax liens on real estate.

To make, enter into, perform and arrange for carrying out, contracts for constructing, building, altering, improving and repairing, decorating, maintaining, furnishing and fitting up buildings, tenements and structures of every description, and to advance money to and enter into agreements of all kinds with building contractors, property owners and others, for said purpose.

To acquire by purchase, subscription, underwriting or otherwise, and to own, hold for investment, or otherwise, and to use, sell, assign, transfer, mortgage, pledge, exchange or otherwise dispose of real and personal property of every sort and description and wheresoever situated, including shares and bonds, debentures, notes, scrip, securities, evidences of indebtedness contracts or obligations of any corporation or association, whether domestic or foreign, or of any firm or individual or of the United States or any State, territory or dependency of the United States or any foreign country, or any municipality or local authority within or without the United States, and also to issue in exchange therefor, stocks, bonds or other securities or evidences of indebtedness of this corporation and, while the owner or holder of any such property, to receive, collect and dispose of the interest, dividends and income on or from such property and to possess an exercise in respect thereto all of the rights, powers and privileges of ownership, including all voting powers thereon.

To construct, build, purchase, lease or otherwise acquire, equip, hold, own, improve, develop, manage, maintain, control, operate, lease, mortgage, create liens upon, sell, convey or otherwise dispose of and turn to account, any and all plants, machinery, works, implements and things or property, real and personal, of every kind and description, incidental to, connected with, or suitable, necessary or convenient for any of the purposes numerated herein, including all or any part or parts of the properties, assets, business and good will of any persons, firms, associations or corporation.

To purchase, exchange or otherwise acquire, invest in, own, devise, invent, manufacture, produce, fabricate, assemble, store, transport, install, service, maintain, alter, repair, distribute, sell, exchange, trade, encumber, assign, transfer or otherwise dispose of, import, export, license as licensor or licensee, lease as lessor or lessee, enter into contracts in respect of, acquire, receive, grant and assign licensing arrangements, options, franchises and other

rights in respect of, and otherwise deal in and with, at wholesale and/or retail, for any use or purpose, whether as principal, agent, broker, factor, merchant, distributor, jobber, advisor of in any other lawful capacity, any and all kinds of goods, wares, merchandise, commodities, manufactured articles, raw materials, metals, animal and plant products, substances and other unimproved, improved, finished and processed articles and real, personal and mixed property of every kind and description, and generally to conduct a mercantile, industrial, investing and trading business, in all its branches, and such other business or businesses as may be incidental or advantageous thereto.

The powers, rights and privileges provided in this certificate are not to be deemed to be in limitation of similar, other or additional powers, rights and privileges granted or permitted to a corporation by the Business Corporation Law, it being intended that this corporation shall have all the rights, powers and privileges granted or permitted to a corporation by such statute.

(3) The office of the Corporation is to be located in the County of Nassau, State of New York.

(4) The aggregate number, class and par value of shares which the corporation shall have authority to issue shall be two hundred (200) shares, all of which are to be without par value, of the same class and all of which hereby are designated as common stock.

(5) The Secretary of State of the State of New York is designated as the agent of the Corporation upon whom process against it may be served, and the post office address to which the Secretary of State shall mail a copy of such process served upon him is:

C/O The Corporation
33 East 33rd Street, Suite 505
New York, New York 10016

(6) The Corporation, to the fullest extent permitted by Sections 722, 723 and 724 of the Business Corporation Law of the State of New York, as the same may be amended and supplemented, shall indemnify any and all persons whom it shall have power to indemnify under said Sections from and against any and all of the expenses, liabilities or other matters referred to in, or covered by, said Sections. The indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any by-law, agreement, vote of stockholders or directors, or otherwise, both as to action in his official capacity and as to action in any other capacity while holding such office. The indemnification provided for herein shall continue as to a person who has ceased to be a director, officer, employee or agent of the Corporation, and shall inure to the benefit of the heirs, executors and administrators of such person.

(7) The personal liability of any Director of the Corporation to the Corporation itself, or to its Shareholders, for damages for any breach of duty in such capacity is hereby eliminated; except that such personal liability shall not be eliminated if a judgment or other

final adjudication adverse to such Director establishes that his acts or omissions were in bad faith, or involved intentional misconduct, or a knowing violation of law, or that he personally gained, in fact, a financial profit or other advantage to which he was not legally entitled, or that his acts violated Section 719 of the Business Corporation Law.

IN WITNESS WHEREOF, I have signed this Certificate on this 21st day of July, 1995, and affirm the statements contained herein as true, under penalties of perjury.

Elizabeth Boateng, Incorporator

172 A Washington Avenue
Albany, New York 12210

F950721000479

DIV-11

CERTIFICATE OF INCORPORATION OF

KERMANSHAH BROTHERS RUGS INC.

under Section 402 of the Business Corporation Law

FILED JUL 21 5 35 PM '95

SAC-10

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED JUL 21 1995
TAX $ 10
BY: SAC
Nassau

JUL 21 12 PM '95

Filed by: Jacob S. Shakarchy, Esq.
630 Third Avenue, 19th Floor
New York, New York 10017

(5)

950721000509

# Exhibit H

REEL 3288 PG 1185

**CITY REGISTER RECORDING AND ENDORSEMENT PAGE**

COUNTY OF ► NEW YORK

THIS PAGE FORMS PART OF THE INSTRUMENT

TOTAL NUMBER OF PAGES IN DOCUMENT INCLUDING THIS PAGE ► 4

Block: 276

Lots - ONLY IF ENTIRE LOT: 21

Partial Lots: P/O

Premises: 41 MONROE STREET

Title/Agent Company Name: Metropolis Abstract

Title Company Number: CT34. 988c - NY

RECORD & RETURN TO:
NAME: Roberts & Roberts
ADDRESS: 401 Broadway
CITY: New York STATE: NY ZIP: 10013

NAME & ADDRESS

PARTY 1 ► Overseas Partnership Company
ADDITIONAL PARTY 1 ► 57 Fifth Avenue, New York, N.Y. 10003
PARTY 2 ► Overseas Partnership Co., Inc.,
ADDITIONAL PARTY 2 ► 57 Fifth Avenue, New York, N.Y. 10003

CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY ☐

FOLD

CITY REGISTER'S USE ONLY — DO NOT WRITE BELOW THIS LINE

Examined by (✓): [signature]

Mtge Tax Serial No.:
Mtge Amount: $
Taxable Amount: $
Exemption (✓): YES ☐ NO ☐
Type: [255] [OTHER ___]
Dwelling Type: [1 to 2] [3] [4 to 6] [OVER 6]

TAX RECEIVED ON ABOVE MORTGAGE ▼

| | |
|---|---|
| County (basic) | $ |
| City (Add'l) | $ |
| Spec Add'l | $ |
| TASF | $ |
| MTA | $ |
| NYCTA | $ |
| TOTAL TAX | $ |

Apportionment Mortgage (✓) YES ☐ NO ☐

City Register Serial Number ► 021319

Indexed By (✓): ✓
Verified By (✓):

Block(s) and Lot(s) verified by (✓): [initials]
Address ☑ Tax Map ☐
Extra Block(s) ___ Lot(s) ___

Recording Fee A $ 37
Affidavit Fee (C) $
RPTT Fee (R) $ 25
HPD-A ☑ HPD-C ☐

New York State Real Estate Transfer Tax ▼
$ ✓
Serial Number ► 003335

New York City Real Property Transfer Tax Serial Number ► R 4310

RECORDED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK

2001 MAY 15 A 11:52

[signature]

49-N-002

N° 4085 - Bargain and Sale Deed with Covenant against Grantor's Acts Individual or Corporation (Single Sheet) (NYBTU 8002) CTSY. 988c-NY

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

**THIS INDENTURE**, made the 24th day of January , in the year 2001
**BETWEEN** OVERSEAS PARTNERSHIP COMPANY, with offices at 57 Fifth Avenue, New York, New York 10003

REEL 3203 1186

party of the first part, and OVERSEAS PARTNERHSIP CO., INC., with offices at 57 Fifth Avenue, New York, New York 10003

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE A, ATTACHED HERETO

Tax Map Designation

Dist.

Sec. 1

Blk. 276

Lot(s) 21

41 Monroe Street
New York, N.Y.

**TOGETHER** with all right, title and interest, if any, of the party of the first part of, in and to any streets and roads abutting the above-described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been incumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF: OVERSEAS PARTNERSHIP COMPANY, By:

Habibollah Kermanshah
By
A-H-J-Kermanshah
Abdolhamid Kermanshah
Attorney in fact
Said Power of Attorney is to be recorded simultaneously herewith.

[signature]
Abbas Kermanshah

[signature]
Abdolmajid Kermanshah

[signature]
Abdolhamid Kermanshah

SO IN ORIGINAL

*USE ACKNOWLEDGMENT FORM BELOW WITHIN NEW YORK STATE ONLY:*

State of New York, County of } ss.:

On the day of in the year before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*USE ACKNOWLEDGMENT FORM BELOW WITHIN NEW YORK STATE ONLY:*

State of New York, County of New York } ss.:

On the 24th day of January in the year 2001 before me, the undersigned, personally appeared Abbas Kermanshah Abdolmajid Kermanshah and Abdolhamid Kermanshah personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

MARSHA HABER
Notary Public, State of New York
No. 41-4082378
Qualified in Queens County
Commission Expires June 30, 2001

RECEIVED 2001 FEB -2 PM 3:28 (stamp)

*ACKNOWLEDGMENT FORM FOR USE WITHIN NEW YORK STATE ONLY:*
*(New York Subscribing Witness Acknowledgment Certificate)*

State of New York, County of } ss.:

On the day of in the year before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

*(if the place of residence is in a city, include the street and street number, if any, thereof)*; that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

*ACKNOWLEDGMENT FORM FOR USE OUTSIDE NEW YORK STATE ONLY:*
*(Out of State or Foreign General Acknowledgment Certificate)*

*(Complete Venue with State, Country, Province or Municipality)* } ss.:

On the day of in the year before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

*(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).*

**BARGAIN & SALE DEED**
WITH COVENANTS AGAINST GRANTOR'S ACTS

TITLE NO.

Overseas Partnership Company

TO

Overseas Partnerhsip Co., Inc.

DISTRICT
SECTION 276
BLOCK 21
LOT
COUNTY OR TOWN

*RECORDED AT REQUEST OF*
Fidelity National Title Insurance Company of New York
*RETURN BY MAIL TO*

Michael J. Roberts
401 Broadway
New York, New York 10013

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK
INCORPORATED 1928
"Confidence in Fidelity Performance"
Member New York State Land Title Association

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

REEL 3208 PG 1188

**SCHEDULE A**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and State of New York, and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of Monroe Street, with the westerly side of Market Street; thence running northerly along the westerly side of Market Street, eighteen feet; thence westerly parallel with Monroe Street, eighty one feet; thence southerly parallel with Market Street, eighteen feet to the northerly side of Monroe Street; thence easterly along the northerly side of Monroe Street, eighty one feet to the point or place of beginning.

SUBJECT however to existing liens and to such a state of facts as an accurate survey would show.

Being the same premises described in deed recorded in Liber 5094 cp. 317.

# Exhibit I

REEL 3288 PG 1178

**CITY REGISTER RECORDING AND ENDORSEMENT PAGE**

**COUNTY OF ▶** NEW YORK

THIS PAGE FORMS PART OF THE INSTRUMENT

TOTAL NUMBER OF PAGES IN DOCUMENT INCLUDING THIS PAGE ▶ 3

Block ▼ Misc.

Lots - ONLY IF ENTIRE LOT ▼ Misc.

Partial Lots ▼ P/O

Premises ▼

Title/Agent Company Name ▼ Metropolis Abstract

Title Company Number ▼ CTS4. 988a-NY

RECORD & RETURN TO:

NAME ▼ Roberts + Roberts

ADDRESS ▼ 401 Broadway

CITY ▼ New York STATE ▼ NY ZIP ▼ 10013

NAME & ADDRESS

PARTY 1 ▶ Habibollah Kermanshah

ADDITIONAL PARTY 1 ▶ 305 E. 24th Street, #12D, New York, NY

PARTY 2 ▶ Abdolmajid Abdolhamid Kermanshah

ADDITIONAL PARTY 2 ▶ 305 E. 24th Street, #12D, New York, N.Y

CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY ☐

FOLD

CITY REGISTER'S USE ONLY - DO NOT WRITE BELOW THIS LINE

Examined by (✓):

Mtge Tax Serial No.

Mtge Amount $

Taxable Amount $

Exemption (✓) YES ☐ NO ☐

Type: (circle one of) [339EE] [255] [OTHER]

Dwelling Type: (circle one of) [1 to 2] [3] [4 to 6] [over 6]

TAX RECEIVED ON ABOVE MORTGAGE ▼

County (basic) $

City (Add'l) $

Spec Add'l $

TASF $

MTA $

NYCTA $

TOTAL TAX $

Apportionment Mortgage (✓) YES ☐ NO ☐

City Register Serial Number ▶ 021317

Indexed By (✓): ✓

Verified By (✓):

Block(s) and Lot(s) verified by (✓):

Address ☐ Tax Map ☐

Extra Block(s) Lot(s)

Recording Fee H $ 32

Affidavit Fee (C) $

RPTT Fee (R) $

HPD-A ☐ HPD-C ☐

New York State Real Estate Transfer Tax ▼

$

Serial Number ▶

New York City Real Property Transfer Tax Serial Number ▶

MISC REAL ... 32.00

**RECORDED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

2001 MAY 15 A 11:48

48-11-060

REEL 3288 PG 1179 CTSY. 988a-NY

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 Standard N.Y.B.T.U. Form 8-18 General Power of Attorney, Statutory Short Form.

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

**Notice: The powers granted by this document are broad and sweeping. They are defined in New York General Obligations Law, Article 5, Title 15, sections 5-1502A through 5-1503, which expressly permits the use of any other or different form of power of attorney desired by the parties concerned.**

**KNOW ALL MEN BY THESE PRESENTS,** which are intended to constitute a **GENERAL POWER OF ATTORNEY** pursuant to Article 5, Title 15 of the New York General Obligations Law:

That I, Habibollah Kermanshah

residing at No. 305 East 24th St.
Apt. 12D
New York, New York

do hereby appoint Abdolmajid Kermanshah
Abdolhamid Kermanshah

residing at No. 305 East 24th St.
Apt. 12D
New York, New York

my attorney(s)-in-fact TO ACT[a]

(a) If more than one agent is designated and the principal wishes each agent alone to be able to exercise the power conferred, insert in this blank the word "severally". Failure to make any insertion or the insertion of the word "jointly" will require the agents to act jointly.

**FIRST:** in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

[Strike out and initial in the opposite box any one or more of the subdivisions as to which the principal does NOT desire to give the agent authority. Such elimination of any one or more of subdivisions (A) to (K), inclusive, shall automatically constitute an elimination also of subdivision (L).]

**To strike out any subdivision the principal must draw a line through the text of that subdivision AND write his initials in the box opposite.**

(A) real estate transactions; [ ]
(B) chattel and goods transactions; [ ]
(C) bond, share and commodity transactions; [ ]
(D) banking transactions; [ ]
(E) business operating transactions; [ ]
(F) insurance transactions; [ ]
(G) estate transactions; [ ]
(H) claims and litigation; [ ]
(I) personal relationships and affairs; [ ]
(J) benefits from military service; [ ]
(K) records, reports and statements; [ ]
(L) all other matters; [ ]

[Special provisions and limitations may be included in the statutory short form power of attorney only if they conform to the requirements of section 5-1503 of the New York General Obligations Law.]

The powers granted under (A) or (B) above are enlarged so that all fixtures and articles of personal property which at the time of such transaction are or which may thereafter be attached to or used in connection with the real property may be included in the deeds, mortgages, agreements and any other instruments to be executed and delivered in connection with real estate transactions and which may be described in said instruments with more particularity.

I will not question the sufficiency of any instrument executed by my said attorney(s)-in-fact pursuant to this power notwithstanding that the instrument fails to recite the consideration therefor or recites merely a nominal consideration; any person dealing with the subject matter of such instrument may do so as if full consideration therefor had been expressed therein.

**SECOND:** with full and unqualified authority to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select.

*Strike out if not intended to apply

***THIRD:** *This Power of Attorney shall not be affected by the subsequent disability or incompetence of the principal.*

**IN WITNESS WHEREOF** I have hereunto signed my name and affixed my seal this

day of 6 - 13 - 1985

.................................................(Seal)
(Signature of Principal)
Habibollah Kermanshah

**Note:** *The statute requires that this instrument be duly acknowledged by the principal. No express provision is made for proof by subscribing witness.*

**(See over for acknowledgment)**

REEL 3288 PG 1180

STATE OF NEW YORK, COUNTY OF New York ss.:

On the 13th day of June, nineteen hundred and 85 before me personally came Habibollah Kermanshah

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

[signature]

SHERYLL SORSUK DORF
NOTARY PUBLIC, State of New York
No. 4828165
Qualified in Nassau County
Commission Expires March 30, 1986

# General Power of Attorney

STATUTORY SHORT FORM

TITLE No.

TO

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
COMMONWEALTH LAND
TITLE INSURANCE COMPANY

Recorded at Request of COMMONWEALTH LAND TITLE INSURANCE COMPANY

RETURN BY MAIL TO:

Roberts & Roberts
Attorneys at Law
401 Broadway
New York, NY
Zip No. 10013

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE