UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
HABIBOLLAH KERMANSHAH,

     Plaintiff,

   - against -

ABBAS KERMANSHAH, ABDOLMAJID KERMANSHAH, a/k/a MAJID KERMANSHAH, ABDOLHAMID KERMANSHAH, a/k/a/ HAMID KERMANSHAH, 263 WEST 30TH INC., BANAFSH REALTY, INC., EBRAHIM REALTY, INC., KERMANSHAH BROTHERS ORIENTAL RUGS, INC., KERMANSHAH ORIENTAL RUGS, INC., KERMANSHAH BROTHERS RUGS, INC., OVERSEAS PARTNERSHIP CO., INC. OVERSEAS PARTNERSHIP COMPANY, RAHMAN NY, INC., SHERIN WEST 86TH STREET CORP., SHIREWIL, INC., AND WILSHIRE LIMITED,

     Defendants.
---------------------------------------------------------------- x

08 Civ. 00409 (BSJ) (AJP)

ECF CASE

**<u>JURY TRIAL REQUESTED</u>**

## **<u>ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT</u>**

  Defendants Abbas Kermanshah, Abdolmajid Kermanshah, a/k/a Majid Kermanshah, Abdolhamid Kermanshah, a/k/a/ Hamid Kermanshah, 263 West 30TH Inc., Banafsh Realty, Inc., Ebrahim Realty, Inc., Kermanshah Brothers Oriental Rugs, Inc., Kermanshah Oriental Rugs, Inc., Kermanshah Brothers Rugs, Inc., Overseas Partnership Co., Inc. , Overseas Partnership Company, Rahman NY, Inc., Sherin West 86TH Street Corp., Shirewil, Inc., and Wilshire Limited, by their attorneys Schulte Roth and Zabel LLP, hereby submit this answer to the First Amended Complaint filed by Habibollah Kermanshah and dated April 18, 2008 (the "First Amended Complaint").

  As and for their answers to the specific allegations of the First Amended Complaint, Defendants state and allege as follows:

1

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2. Deny the allegations contained in paragraph 2 of the First Amended Complaint, except admit that Abbas Kermanshah has a residence in New York.

3. Admit the allegations contained in paragraph 3 of the First Amended Complaint.

4. Admit the allegations contained in paragraph 4 of the First Amended Complaint.

5. Admit the allegations contained in paragraph 5 of the First Amended Complaint.

6. Admit the allegations contained in paragraph 6 of the First Amended Complaint.

7. Admit the allegations contained in paragraph 7 of the First Amended Complaint.

8. Deny the allegations contained in paragraph 8 of the First Amended Complaint.

9. Admit the allegations contained in paragraph 9 of the First Amended Complaint.

10. Deny the allegations contained in the first sentence of paragraph 10 of the First Amended Complaint, except admit that Kermanshah Brothers Rugs, Inc. is a corporation duly organized and existing under the laws of the state of New York, and admit the allegations contained in the second sentence of paragraph 10 of the First Amended Complaint.

11. Admit the allegations contained in the first sentence in paragraph 11 of the First Amended Complaint and deny the allegations contained in the second sentence in paragraph 11 of the First Amended Complaint, except admit that Overseas Corp. owns a mixed-use building on real property located at 41 Monroe Street, New York, New York 10002.

12. Deny the allegations contained in the first sentence of paragraph 12 of the First Amended Complaint and deny the allegations contained in the second sentence of paragraph 12 of the First Amended Complaint, except admit that in 2000, pursuant to a valid power of attorney executed by Plaintiff Habib in favor of defendant Hamid and with Plaintiff Habib's

knowledge and consent 41 Monroe Street, New York, New York, was transferred to Overseas Corp.

13. Admit the allegations contained in paragraph 13 of the First Amended Complaint.

14. Admit the allegations contained in paragraph 14 of the First Amended Complaint.

15. Admit the allegations contained in 15 of the First Amended Complaint.

16. Admit the allegations contained in the first sentence in paragraph 16 of the First Amended Complaint and deny the allegations contained in the second sentence in paragraph 16 of the First Amended Complaint, except admit that Wilshire owns a mixed-use building on real property located at 59 Fifth Avenue, New York, New York 10003.

## JURISDICTION AND VENUE

17. Aver that paragraph 1 of the First Amended Complaint contains legal conclusions for which no response is required, and respectfully refer the Court to the statutes cited therein for their content, meaning and application.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18 of the First Amended Complaint, admit the allegations contained in the second sentence of paragraph 18 of the First Amended Complaint and aver that the third sentence in paragraph 18 of the First Amended Complaint contains a legal conclusion for which no response is required, and respectfully refer the Court to the statute cited therein for its content, meaning and application.

19. Deny the allegations contained in paragraph 19 of the First Amended Complaint, except admit that Abbas, Majid and Hamid have a place of residence in the Southern District of New York and aver that paragraph 19 of the First Amended Complaint contains a legal

conclusion for which no response is required, and respectfully refer the Court to the statute cited therein for its content, meaning and application.

## FACTUAL BACKGROUND

### The Kermanshah Brothers' Rug Businesses

20. Admit the allegations contained in paragraph 20 of the First Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the First Amended Complaint.

22. Deny the allegations contained in the first sentence of paragraph 22 of the First Amended Complaint, except admit that, in or about 1972, Abbas moved from Iran to the United States and that Abbas and Houshang Garakani-Nejad incorporated Houbas Oriental Rugs, Inc. in 1972 and in the same year opened a rug store named "Houbas Oriental Rugs" in New York and deny the allegations contained in the second sentence of paragraph 22 of the First Amended Complaint, except aver that Houbas Oriental Rugs, Inc. was dissolved in or about 1973 or 1974.

23. Deny the allegations contained in paragraph 23 of the First Amended Complaint.

24. Deny the allegations contained in paragraph 24 of the First Amended Complaint, except admit that in 1976, Majid immigrated from Iran to the United States.

25. Deny the allegations contained in the first sentence of paragraph 25 of the First Amended Complaint, except admit that in the late 1970s Abbas moved from the United States to Saudi Arabia, deny the allegations contained in the second sentence of paragraph 25 of the First Amended Complaint, except admit that Abbas was engaged in the business of importing and selling rugs while living in Saudi Arabia and deny the allegations contained in the third sentence of paragraph 25 of the First Amended Complaint.

26. Deny the allegations contained in paragraph 26 of the First Amended Complaint, except admit that Hamid immigrated to the United States in 1978 and from 1978 until

approximately mid-1985 was enrolled in the Ph.D program at Syracuse University, coached the school's wrestling team, for which he received a salary, and served as a teaching assistant as well and, as noted in paragraph 24 above, Majid immigrated to the United States in 1976 at which time he provided capital to expand KBOR, Inc. and assumed management responsibilities for KBOR, Inc.

27. Deny the allegations contained in paragraph 27 of the First Amended Complaint.

28. Deny the allegations contained in the first sentence of paragraph 28 of the First Amended Complaint, except admit that in the 1980s sales in Saudi Arabia generated revenue for KBOR and aver that plaintiff Habib has never had any interest, financial or otherwise, in KBOR. Deny the allegations contained in the second sentence of paragraph 28 of the First Amended Complaint.

29. Deny the allegations contained in paragraph 29 of the First Amended Complaint, except admit that in the 1980s and 1990s Abbas, Hamid and Majid using their own funds invested in real estate in New York.

30. Deny the allegations contained in paragraph 30 of the First Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fist sentence of paragraph 31 of the First Amended Complaint concerning when plaintiff Habib became a resident or citizen of the United States, deny the remaining allegations contained in the first sentence of paragraph 31 of the First Amended Complaint, and deny the allegations contained in the second sentence of paragraph 31 of the First Amended Complaint.

**The Real Estate Investments**

32. Deny the allegations contained in paragraph 32 of the First Amended Complaint, except admit that in 1980s and 1990s using only their own funds Abbas, Majid, and Hamid formed various corporate entities, through which they acquired various real properties in New

5

York City.

33. Deny the allegations contained in paragraph 33 of the First Amended Complaint, except admit that in 1986 defendants Abbas, Hamid and Majid formed 263 West 30th Inc. for the purposes of acquiring a mixed-use building on real property located at 263 West 30th Street, New York, New 10001.

34. Deny the allegations contained in paragraph 34 of the First Amended Complaint, except admit that in 1991 defendants Abbas, Hamid and Majid formed Banafsh Realty, Inc. for the purposes of acquiring a mixed-use building on real property located at 217 East 83"' Street, New York, New York 10028.

35. Deny the allegations contained in paragraph 35 of the First Amended Complaint, except admit that in 1993 defendants Abbas, Hamid and Majid formed Ebrahim Realty, Inc. for the purposes of acquiring a residential building on real property located at 97 Perry Street, New York, New York 10014.

36. Deny the allegations contained in the first sentence of paragraph 36 of the First Amended Complaint, except admit that in or about 1985 Plaintiff Habib and Defendants Abbas and Hamid, formed Overseas Partnership Company for the purposes of acquiring a mixed-use building on real property located at 41 Monroe Street, New York. New York 10002 and admit the allegations contained in the second sentence of paragraph 36 of the First Amended Complaint.

37. Deny the allegations in the first sentence of paragraph 37 of the First Amended Complaint, except admit that in 2000 defendants Abbas, Hamid and Majid, with plaintiff Habib's knowledge and consent, formed Overseas Partnership Co., Inc., a corporation in which plaintiff Habib has no interest or rights and with plaintiff Habib's knowledge and consent transferred the

Monroe Street property to Overseas Partnership Co., Inc., deny the allegations contained in the second and third sentences of paragraph 37 of the First Amended Complaint, admit the allegations contained in the first sentence of footnote 1 and deny the allegations contained in the second and third sentences of footnote 1.

38.     Deny the allegations contained in paragraph 38 of the First Amended Complaint, except admit that in 1996 Abbas, Hamid and Majid formed Rahman NY, Inc. for the purposes of acquiring a mixed-use building on real property located at 5 West 31 Street, New York, New York 10001.

39.     Deny the allegations contained in paragraph 39 of the First Amended Complaint, except admit that in 1991 Abbas, Hamid and Majid formed Sherin West 86th Street Corp. for the purposes of acquiring a residential building on real property located at 134 West 86th Street, New York, New York 10024.

40.     Deny the allegations contained in paragraph 40 of the First Amended Complaint, except admit that in 1985 Abbas, Hamid and Majid formed Shirewil, Inc. for the purposes of acquiring a mixed-use building on real property located at 57 Fifth Avenue, New York, New York 10003.

41.     Deny the allegations contained in paragraph 41 of the First Amended Complaint, except admit that in 1985 Abbas, Hamid and Majid formed Wilshire Limited for the purposes of acquiring a mixed-use building on real property located at 59 Fifth Avenue, New York, New York 10003.

42.     Deny the allegations contained in paragraph 50 of the First Amended Complaint and aver that the documents annexed as Exhibit D to the First Amended Complaint are forgeries.

**Defendants' Fraudulent Scheme**

    43.    Deny the allegations contained in paragraph 43 of the First Amended Complaint .

    44.    Deny the allegations contained in paragraph 44 of the First Amended Complaint.

    45.    Deny the allegations contained in paragraph 45 of the First Amended Complaint, except admit that in October 2000 defendants Hamid and Majid and their parents sent a letter to His Royal Highness Prince Abdullah Faisal Alsaud of the Saudi royal family in which they truthfully advised His Highness that plaintiff Habib was not their business partner, that he did not speak for KBOR and that he had was not involved in their business or any business transactions in the Royal Kingdom of Saudi Arabia or overseas, including the United States ("October 2000 Letter") and aver, upon information and belief, that in October or November 2000 someone who worked for or was affiliated with His Highness showed plaintiff Habib a copy of the October 2000 Letter and that in sometime in December 2000 plaintiff Habib came to his parents' home and asked his parents why they had signed the October 2000 Letter, was verbally abusive and engaged in other inappropriate behavior.

    46.    Deny the allegations in contained in the first sentence of paragraph 46 of the First Amended Complaint, except admit that defendants Abbas, Hamid and Majid control the books and records of the corporate defendants, of which they are the sole shareholders, and deny the allegations in the second sentence of paragraph 46 of the First Amended Complaint.

    47.    Deny the allegations contained in paragraph 47 of the First Amended Complaint.

    48.    Deny the allegations contained in paragraph 48 of the First Amended Complaint.

    49.    Deny the allegations contained in the first sentence of paragraph 49 of the First Amended Complaint, deny the allegations contained in the second sentence of paragraph 49 of the First Amended Complaint, expect admit that until late 2006 Abbas, Hamid and Majid

provided financial support to plaintiff Habib and his immediate family by covering some of their expenses, and deny the allegations in the third sentence of paragraph 49 of the First Amended Complaint.

50. Deny the allegations contained in paragraph 50 of the First Amended Complaint.

51. Deny the allegations contained in paragraph 51 of the First Amended Complaint and aver that the document annexed as Exhibit E is not a true copy of the minutes of a special meeting of the Board of Directors of Kermanshah Brothers Oriental Rugs, Inc. because there was no such meeting on that day and that the signature on that document and on the document annexed as Exhibit F is forged.

52. Deny the allegations contained in paragraph 52 of the First Amended Complaint, except admit that Kermanshah Oriental Rugs, Inc. was incorporated in 1986.

53. Deny the allegations contained in paragraph 53 of the First Amended Complaint, except admit that Kermanshah Brothers Rugs, Inc. was incorporated in 1995.

54. Deny the allegations contained in paragraph 54 of the First Amended Complaint.

55. Deny the allegations contained in paragraph 55 of the First Amended Complaint.

56. Deny the allegations contained in the first sentence of paragraph 56 of the First Amended Complaint, except admit that annually, from 1986 through 2001, plaintiff Habib received a financial statement and a Form 1065 (Schedule and K-1) (covering the years 1985 through 2000) for Overseas Partnership Company and deny the allegations contained in the second sentence of paragraph 56 of the First Amended Complaint.

57. Deny the allegations contained in paragraph 57 of the First Amended Complaint.

58. Deny the allegations contained in paragraph 58 of the First Amended Complaint.

### Plaintiff's Discovery of Defendants' Misconduct

59. Deny the allegations contained in paragraph 59 of the First Amended Complaint.

60. Deny the allegations in the first and second sentences of paragraph 60 and deny the allegations contained in the third sentence, except admit that plaintiff Habib has commenced a lawsuit against Abbas in Saudi Arabia.

membership interest and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 61 of the First Amended Complaint. Deny the allegations in the fourth and fifth sentences of paragraph 61 of the First Amended Complaint.

61. Deny the allegation in the first sentence of paragraph 61 of the First Amended Complaint that plaintiff Habib and defendant Abbas have any joint business in Saudi Arabia and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 61 of the First Amended Complaint. Deny the allegation in the second sentence of paragraph 61 of the First Amended Complaint that defendants have engaged in any wrongdoing and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 61 of the First Amended Complaint. Deny the allegation in the third sentence of paragraph 61 of the First Amended Complaint that Defendants had forged Plaintiff's name on a deed transferring one of the Real Estate Properties from an entity in which he held an ownership interest to an entity in which he did not own a

### FIRST COUNT
**(Declaratory Judgment)**

62. Reallege and incorporate by reference their answers to paragraphs 1 through 61 of the First Amended Complaint as if set forth fully herein.

63. Deny the allegations contained in paragraph 63 of the First Amended Complaint.

64. Deny the allegations contained in paragraph 64 of the First Amended Complaint.

65. Deny the allegations contained in paragraph 65 of the First Amended Complaint.

66. Deny the allegations contained in paragraph 66 of the First Amended Complaint.

## SECOND COUNT
**(Minority Shareholder Oppression, pursuant to B.C.L. § 1104-a)**

**CLAIM DISMISSED.  NO NEED TO ANSWER PARAGRAPHS 67 TROUGH 70.**

## THIRD COUNT
**(Dissolution of Corporate-Defendants)**

**CLAIM DISMISSED.  NO NEED TO ANSWER PARAGRAPHS 71 THROUGH 74.**

## FOURTH COUNT
**(Breach of Fiduciary Duty)**

75. Reallege and incorporates by reference their answers to paragraphs 1 through 66 of the First Amended Complaint as if set forth fully herein.

76. Deny the allegations contained in the first sentence of paragraph 76 of the First Amended Complaint except admit that defendants Abbas, Hamid and Majid are the sole shareholders, officers and directors of the corporate-defendants, admit the allegations contained in the second sentence of paragraph 76 of the Amended Complaint and deny the allegations contained in the third sentence of paragraph 76 of the First Amended Complaint.

77. Deny the allegations contained in paragraph 77 of the First Amended Complaint.

78. Deny the allegations contained in paragraph 78 of the First Amended Complaint.

79. Deny the allegations contained in paragraph 79 of the First Amended Complaint.

80. Deny the allegations contained in paragraph 80 of the First Amended Complaint.

## FIFTH COUNT
**(Breach of Contract)**

81. Reallege and incorporate by reference their answers to paragraphs 1 through 80 of the First Amended Complaint as if set forth fully herein.

82. Deny the allegations contained in paragraph 82 of the First Amended Complaint.

83. Deny the allegations contained in paragraph 83 of the First Amended Complaint.

## SIXTH COUNT
**(Fraud)**

84. Reallege and incorporate by reference their answers to paragraphs 1 through 83 of the First Amended Complaint as if set forth fully herein.

85. Deny the allegations contained in paragraph 85 of the First Amended Complaint.

86. Deny the allegations contained in paragraph 86 of the First Amended Complaint.

87. Deny the allegations contained in paragraph 87 of the First Amended Complaint.

88. Deny the allegations contained in paragraph 88 of the First Amended Complaint.

89. Deny the allegations contained in paragraph 89 of the First Amended Complaint.

## SEVENTH COUNT
**(Conversion)**

90. Reallege and incorporate by reference their answers to paragraphs 1 through 89 of the First Amended Complaint as if set forth fully herein.

91. Deny the allegations contained in paragraph 91 of the First Amended Complaint.

92. Deny the allegations contained in paragraph 92 of the First Amended Complaint.

93. Deny the allegations contained in paragraph 93 of the First Amended Complaint.

94. Deny the allegations contained in paragraph 94 of the First Amended Complaint.

95. Deny the allegations contained in paragraph 95 of the First Amended Complaint.

96. Deny the allegations contained in paragraph 96 of the First Amended Complaint.

## EIGHTH COUNT
### (Accounting)

97. Reallege and incorporate by reference their answers to paragraphs 1 through 61 of the First Amended Complaint as if set forth fully herein.

98. Deny the allegations contained in paragraph 98 of the First Amended Complaint.

99. Deny the allegations contained in paragraph 99 of the First Amended Complaint.

100. Deny the allegations contained in paragraph 100 of the First Amended Complaint.

101. Deny the allegations contained in paragraph 101 of the First Amended Complaint.

102. Deny the allegations contained in paragraph 102 of the First Amended Complaint.

## NINTH COUNT
### (Unjust Enrichment)

103. Reallege and incorporate by reference their answers to paragraphs 1 through 102 of the First Amended Complaint as if set forth fully herein.

104. Deny the allegations contained in paragraph 104 of the First Amended Complaint.

## TENTH COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

**CLAIM DISMISSED.  NO NEED TO ANSWER PARAGRAPHS 105 THROUGH 108.**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

105. The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

106. Each and every claim in the First Amended Complaint is barred by the doctrines of estoppel or waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

107.    Plaintiff's purported damages are nonexistent, speculative, not of the nature or to the extent alleged, and were not the foreseeable result of Defendants' alleged conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

108.    If Plaintiff has sustained damages as alleged in the First Amended Complaint, such damages were caused in whole or in part by Plaintiff's own conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

109.    Each and every claim in the Complaint is barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

110.    The breach of contract, unjust enrichment, and fraudulent misrepresentation claims in the First Amended Complaint are barred by the statute of frauds.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

111.    To the extent Plaintiff seeks punitive damages, no act or omission was gross, wanton, malicious, or morally culpable and, therefore, any award of punitive damages is barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

112.    Each and every claim in the First Amended Complaint is barred because Defendants acted in good faith and within their legal rights during all relevant times.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

113.    Each and every claim in the First Amended Complaint is barred, in whole or in part, because Plaintiff failed to mitigate his damages, if any.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

114.    The fraudulent misrepresentation claim in the First Amended Complaint is barred because Defendants did not owe any duty to Plaintiff.  Alternatively, to the extent Defendants owed a duty to Plaintiff, none of the individual defendants breached any such duty.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

115.    The fraudulent misrepresentation claim in the First Amended Complaint is barred because Plaintiff fails to allege with particularity the circumstances surrounding the alleged fraudulent misrepresentation, as required by Federal Rule of Civil Procedure 9(b).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

116.    The injuries Plaintiff allegedly sustained were not actually or proximately caused, or contributed to, by any act on the part of Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

117.    Each and every claim in the First Amended Complaint is barred by the doctrine of laches.

**This space intentionally left blank**

118. Inasmuch as Defendants have averred that the stock certificates annexed as Exhibits D, F and G to the First Amended Complaint are forgeries, and inasmuch as discovery may reveal that plaintiff Habib directly, or through an agent, used those forged documents to improperly claim an interest in property belonging to Defendants, Defendants are unable at this time to determine all of their legal and equitable rights, and reserve the right to assert any and all pertinent counterclaims ascertained through discovery.

Dated: New York, New York  
       August 29, 2008

SCHULTE ROTH & ZABEL LLP

By: __/s/ F. Barbara Gluck Reid_____  
    Robert M. Abrahams  
    F. Barbara Gluck Reid  
    919 Third Avenue  
    New York, New York 10022  
    (212) 756-2000  
    robert.abrahams@srz.com  
    barbara.reid@srz.com  
    *Attorneys for Defendants*