USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABIBOLLAH KERMANSHAH,

Plaintiff,

v.

ABBAS KERMANSHAH, ABDOLMAJID KERMANSHAH, a/k/a MAJID KERMANSHAH, ABDOLHAMID KERMANSHAH, a/k/a HAMID KERMANSHAH, 263 WEST 30TH INC., BANAFSH REALTY, INC., EBRAHIM REALTY, INC., KERMANSHAH BROTHERS ORIENTAL RUGS, INC., KERMANSHAH ORIENTAL RUGS, INC., KERMANSHAH BROTHERS RUGS, INC., OVERSEAS PARTNERSHIP CO., INC., OVERSEAS PARTNERSHIP COMPANY, RAHMAN NY, INC., SHERIN WEST 86TH STREET CORP., SHIREWIL, INC., and WILSHIRE LIMITED,

Defendants.

08-CV-409(BSJ)(AJP)

**ORDER & OPINION**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On January 29, 2010, Defendants Abbas Kermanshah ("Abbas"), Abdolmajid Kermanshah, a/k/a Majid Kermanshah ("Majid"), Abdolhamid Kermanshah, a/k/a Hamid Kermanshah ("Hamid"), 263 West 30th Inc., Banafsh Realty, Inc., Ebrahim Realty, Inc., Kermanshah Brothers Oriental Rugs, Inc., Kermanshah Oriental Rugs, Inc., Kermanshah Brothers Rugs, Inc., Overseas Partnership Co., Inc., Overseas Partnership Company, Rahman NY, Inc., Sherin West 86th Street Corp., Shirewil, Inc., and Wilshire Limited (collectively,

"Defendants") filed a motion for reargument of the Court's November 23, 2009 decision, which dismissed Defendant Abbas because he is nondiverse. The Court found that Plaintiff Habibollah Kermanshah ("Plaintiff" or "Habib") could pursue a diversity action over the remaining Defendants. In their motion, Defendants argue that Abbas is a necessary and indispensable party, pursuant to Federal Rule of Civil Procedure 19 ("Rule 19").

Reargument or reconsideration is warranted where a court has overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result, or where relief is warranted to correct a clear error or to prevent manifest injustice. See Local Rule 6.3; see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

"A party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the Court." Kunica v. St. Jean Fin., Inc., 63 F.Supp.2d 342, 346 (S.D.N.Y.1999); see also Carribean Trading and

Fidelity Corp. v. Nigerian Nat. Petroleum, 948 F.2d 111, 115 (2d Cir. 1991). Defendants concede that the question of the indispensability of Abbas was not raised in the motion papers, and, therefore, was not considered by the Court. Thus, to the extent that the instant motion is a motion for reargument, the motion is DENIED.

However, the Court will treat Defendants' assertion that Abbas is a necessary and indispensable party as a motion under Rule 19 for a determination that Abbas is an indispensable party without whom the case cannot proceed. For the following reasons, the Court finds that Abbas is a necessary party and that, "in equity and good conscience," this lawsuit cannot proceed without him. Fed. R. Civ. P. 19. The case is therefore DISMISSED without prejudice to Plaintiff bringing this action in the appropriate state forum.

**BACKGROUND**

The full factual and procedural history of this case is set forth in the Court's November 29, 2009 Order ("Order"), with which the Court assumes familiarity. The Court will briefly set out the facts and procedural history relevant to this motion.

On January 14, 2009, Plaintiff filed the Second Amended Complaint ("SAC"), alleging ten causes of action:

declaratory judgment, breach of contract, fraud, conversion, unjust enrichment, dissolution of corporate defendants, two minority shareholder oppression claims, breach of the covenant of good faith and fair dealing and an accounting claim.

On February 4, 2009, Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court found that despite inconsistencies in the record, Habib had established by a preponderance of the evidence that he was a New Jersey domiciliary at the time he commenced this action. (Order at 11.) The Court then concluded that Habib failed to establish complete diversity by virtue of Abbas' domicile in Saudi Arabia. Recognizing that diversity is the sole basis for the Court's subject matter jurisdiction, the Court dismissed Abbas from this action. (Id. at 17.) The Court declined to dismiss the action against the remaining Defendants who were found to be domiciled in New York. (Id. at 18.) On January 29, 2010, the Defendants filed the instant motion, requesting the Court dismiss the entire action because it cannot proceed in Abbas' absence.

**LEGAL STANDARD**

Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to

join an indispensable party." Viacom Int'l., Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). A court must first determine whether an absent party belongs in the lawsuit. Id. This inquiry is governed by Rule 19(a)(1) which states, inter alia, that a party must be joined to the lawsuit if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Once the court makes the threshold determination that a party is necessary under Rule 19(a), the court must then assess "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" pursuant to Rule 19(b). The rule provides four factors for the court to consider: (1) whether a judgment rendered in a person's absence might prejudice that person or

parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit. Fed. R. Civ. P. 19(b). "This determination is an equitable one and is left to a court's discretion." Global Discount Travel Svcs., LLC v. Trans World Airlines, Inc., 960 F.Supp. 701, 709 (S.D.N.Y. 1997). However, "a court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit" and "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." Jaser v. New York Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 242 (2d Cir. 1987).

**DISCUSSION**

A. Abbas as a Necessary Party under Rule 19(a)

Defendants argue that Abbas is a necessary party to this litigation because he is a party to the contract - the alleged agreement between the four brothers to share equally in the Real Estate Corporations and the Rug Business - which is the subject of this litigation. (Defs.'

Brief 8-9.) The Court agrees with Defendants that Abbas is a necessary party, but bases its decision on other grounds.

"It is well established that a party to a contract which is the subject of the litigation is considered a necessary party." Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000); Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D.Conn. 1991) ("[P]recedent supports the proposition that a contracting party is the paradigm of an indispensable party."). It is undisputed that the alleged agreement between Habib and Abbas, Majid, and Hamid to share equally in the profits and losses of the Real Estate Corporations and the Rug Business is in issue. Thus, Defendants argue that Abbas is a necessary party as he is a party to the alleged agreement between the brothers which "is at the very heart of this case." (Defs.' Br. 8.)

Plaintiff, for his part, argues that this is essentially a tort case and that he will be accorded complete relief without Abbas because Majid and Hamid, the remaining tortfeasors, will be jointly and severally liable for damages. (Pl.'s Opp. 16-17.) However, the Court need not resolve whether this is primarily a tort case because Plaintiff's argument ignores the fact that he seeks more than monetary damages - he demands equitable relief as

well. (Pl.'s Opp. 16-17.) And where, as here, equitable relief is sought in addition to monetary damages, the presence of all parties is necessary. See Kraebel v. N.Y.C. Dep't of Housing Pres. & Dev., No. 90 Civ. 4391, 1994 WL 132239 (S.D.N.Y. Apr. 14, 1994).

Specifically, in Count One, Plaintiff asks this Court to "permanently enjoin[] and restrain[] Defendants from taking any action to impair, limit, impede, reduce, dilute, misappropriate, conceal, or convert Plaintiff's ownership interests" in the corporate assets. (SAC ¶ 16.) Without Abbas, the Court, charged with determining "whether in the person's absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the Court," Kraebel, 1994 WL 132239 at *4, cannot grant Plaintiff the equitable relief he seeks. Accordingly, the Court finds Abbas to be a necessary party under Rule 19(a).

B. Proceeding Without Abbas under Rule 19(b)

Having determined that Abbas is a necessary party under Rule 19(a) and having previously determined that his joinder is infeasible because he is a nondiverse party, the Court must now determine under Rule 19(b) "whether, in equity and good conscience" the action may proceed without

him. Fed. Rule Civ. P. 19(b). The Court finds that it may not.

The Second Circuit has held that district courts enjoy "substantial discretion" in determining whether a party is indispensable under Rule 19(b). Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Circ. 1984). As discussed, Rule 19(b) requires examination of four factors when determining whether the action should proceed or be dismissed. "Rule 19(b), however, does not require that every factor support the district court's determination." Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co., 312 F.3d 82, 88-89 (2d Cir. 2002).

In the Court's view, a judgment rendered in this case in Abbas' absence has a strong likelihood of being unfair, inadequate, and potentially prejudicial to Abbas.

i) Prejudice to the Absent Party

Under Rule 19(b)(1), adjudication of a case in the absence of a necessary party is prejudicial when it is "difficult to imagine how the issue of whether [the absent party] breached [his] obligations under the [contract] would be resolved without [his] participation in the litigation." Rubler v. Unum Provident Corp., No. 04 Civ. 7102, 2007 WL 188024, at *3 (S.D.N.Y. Jan. 25, 2007). As

discussed, resolving this case requires determining whether the alleged contract exists and Abbas' obligations under the contract. These issues cannot be resolved without Abbas' presence. Further, the pleadings do not distinguish among the Defendants[1], and as Defendants point out, Majid and Hamid may not be able to, or may not have the incentive to, adequately represent Abbas' interests. Moreover, if judgment is rendered in Plaintiff's favor, the result would be the certain diminution of Abbas' interest in the Real Estate Corporations and the Rug Business. Under these circumstances, the Court finds that Abbas may suffer prejudice if the suit proceeds without him.

ii) Lessening Prejudice

The court may also consider proposals by the parties or create its own mechanisms to lessen the effect of that prejudice. Davidson Well Drilling, Ltd., v. Bristol-Myers Squibb Co., No. 09 Civ. 1431, 2009 WL 2135396 (S.D.N.Y. Jul. 16, 2009). The parties have not provided any proposals to lessen the prejudice in this case, and given Plaintiff's claims against Defendants (that Abbas, as well as his two brothers, breached the alleged agreement and collectively

[1] See, e.g., SAC ¶ 68 ("Defendants Abbas, Majid, and Hamid failed to include Plaintiff's name...and/or forged Plaintiff's name."); SAC ¶ 71 ("Defendants Abbas, Majid, and Hamid have engaged in illegal, fraudulent and oppressive conduct."); SAC ¶ 84 ("Defendants Abbas, Majid, and Hamid have breached the brothers' written and oral agreements.").

defrauded Plaintiff), the Court sees no way to lessen the risk of substantial prejudice in this case.

iii) Adequacy

The Supreme Court has recently held that "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible.'" Republic of Phil. v. Pimentel, 128 S.Ct. 2180, 2193 (2008) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)). "[T]his factor concerns the 'social interest in the efficient administration of justice and the avoidance of multiple litigation.'" CP Solutions PTE Ltd. v. Gen. Elec. Co., 553 F.3d 156, 160 (2d Cir. 2009) (quotations omitted).

A judgment rendered in either Plaintiff's or Defendants' favor would not be adequate. Such judgment would not prevent piecemeal litigation as Plaintiff would likely litigate his claims against Abbas in state court in order to obtain complete relief. There is no reason for multiple courts to waste taxed resources by making the same determination. See LaSala v. Bank of Cyprus Public Co. Ltd., 510 F. Supp. 2d 246, 266-67 (S.D.N.Y. 2007).

iv) Adequate Remedy

The Court also considers "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(4). In this case,

Plaintiff has an accessible forum to pursue this matter: New York state court. The claims brought are all New York state law claims, and the New York state courts are fully competent to adjudicate such claims. Plaintiff does not argue that state court is an unavailable or inadequate alternate forum, nor does Plaintiff argue that there is an impediment to obtaining personal jurisdiction over Abbas or any other Defendant in New York state court. Rather, Plaintiff argues that he will have no remedy if this matter is dismissed for non-joinder because the current litigation – allegedly prolonged by Defendants' "discovery shenanigans and frivolous motion practice" – has deteriorated his health and "has literally wiped [him] out." (Pl.'s Opp. 21.) Plaintiff complains that "[o]nce in State Court, nothing will prevent defendants from their expected demands for new discovery, new depositions, motion practice and jurisdictional claims." (Id.) The Court finds these allegations to be unpersuasive; Abbas can raise these discovery grievances in state court.

After considering the factors set forth in Rule 19(b), the Court concludes that Abbas is an indispensable party to the breach of contract claim, and that the appropriate course is to dismiss that claim. Thus, the Court determines that it cannot, in equity and in good conscience,

adjudicate the breach of contract claim in the absence of Abbas.

**C. Inextricably Intertwined Claims**

Having found that Abbas is an indispensable party to the breach of contract claim (Count Five), we now consider which, if any, of Plaintiff's other claims are inextricably intertwined with the breach of contract claim such that they too must be dismissed. Although Rule 19(b) provides that the purpose of the equity and good conscience test is to determine whether "the action should proceed . . . or should be dismissed," (Fed. R. Civ. P. 19(b)(emphasis added), the Second Circuit requires the Court to determine whether each individual claim should proceed or should be dismissed under Rule 19. See Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 358-60 (2d Cir. 2000) (reversing district court's indispensability determination with respect to some claims and remanding for application of the Rule 19 analysis to others); Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542, 548 (2d Cir. 1991) (affirming dismissal of two claims from the action under Rule 19); see also Makah Indian Tribe v. Verity, 910 F.2d 555, 559 (9th Cir. 1990) (reversing Rule 19 dismissal of the action only with respect to specific procedural claims to which absent Indian tribes were not indispensable, while affirming the

dismissal of other claims to which they were indispensable).

As discussed in more detail below, the Court finds that all of the remaining claims - declaratory judgment, fraud, conversion, unjust enrichment, dissolution of corporate defendants, minority shareholder oppression, breach of the covenant of good faith and fair dealing and an accounting claim - are inextricably intertwined with and derived from the alleged contractual relationship. Where, as here, the Court would have to resolve the underlying breach of contract claim in order to adjudicate the tort claims, the derivative claims must be dismissed if the indispensable party to the breach of contract claim cannot be joined. Ente Nazionale Idrocarburi v. Prudential Sec. Group, Inc., 744 F. Supp. 450, 460 (S.D.N.Y. 1990)(court dismissed tortious interference with contract claim after Rule 19 determination); LoCurto v. LoCurto, No. 07 Civ. 82538 (NRB), 2008 WL 4410091, at *10 (S.D.N.Y. Sept. 25, 2008)(after finding nondiverse defendant was indispensable party for purposes of breach of contract claim, court dismissed fraud claim after concluding that the only way that plaintiff could prove that he was damaged by the defendants' material misrepresentations as to his ownership of the house is to prove that he in fact owned the house).

a. Fraud and Conversion Claims

Plaintiff alleges conversion (Count Four) and fraud (Count Six.) One of the elements of any fraud claim under New York law is damage to the plaintiff caused by his justifiable reliance on an intentional material misrepresentation. Ainger v. Mich. Gen. Corp., 476 F. Supp. 1209, 1227 (S.D.N.Y. 1979); Channel Master Corp. v. Aluminum Ltd. Sales, Inc., 4 N.Y.2d 403, 406-407, 151 N.E.2d 833, 176 N.Y.S.2d 259 (1958). The crux of Plaintiff's claim that he was defrauded is that Defendants misrepresented his ownership interest in the Real Estate Corporations and Rug Business to induce him to contribute capital, funds, and labor to these enterprises. As Defendants argue, the only reason Plaintiff provided "tens of millions of dollars" and claims justifiable reliance in doing so is because he believed he had an ownership in the businesses pursuant to the alleged agreement. Thus, determining whether Plaintiff was defrauded necessarily requires determining whether the alleged contract existed. It would be inefficient to litigate this question in two different courts. Furthermore, there is a risk that Defendants would be subject to multiple inconsistent judgments if Plaintiff were, for example, to prevail on his fraud claim in federal court, and subsequently fail on his

breach of contract claim in state court. Fed. R. Civ. P. 19(b)(1)(the extent to which a judgment rendered in the person's absence might prejudice that person or the exiting parties.)[2] Accordingly, because many of the key issues in question in Plaintiff's fraud claim are similar to those raised by the breach of contract claim, the two claims are inextricably intertwined, and the fraud claim must also be dismissed.

b. <u>Minority Shareholder Claims</u>

Like the fraud claim, the shareholder claims also hinge on the resolution of the contract claim. The Minority Shareholder Oppression claim (Count Two) and the Dissolution of Corporate-Defendants claim (Count Three) allege that Plaintiff is a minority shareholder in the corporate-Defendants. (SAC ¶¶ 71, 74.) Because Plaintiff is only a shareholder if there is an agreement, the shareholder claims also depend on whether a contract exists. Therefore the three claims are intertwined and the shareholder claims must be dismissed.

c. <u>Accounting Claim</u>

Plaintiff also brings an accounting claim (Count Eight). The claim alleges that "Defendants have a duty

---

[2] The risk of incurring inconsistent obligations is considered under Rule 19(a)'s necessary party analysis, however the Court looks to it as a factor in determining whether a judgment in Abbas' absence would prejudice Defendants.

pursuant to the parties written and oral agreements, as imposed by law (B.C.L. § 624), to allow Plaintiff to examine, inspect, and receive the corporate-defendants' financial information, including books, records, and accounts" (SAC ¶ 100)(emphasis added). As this claim is obviously predicated on the contract claim, it must be dismissed because Abbas cannot be joined.

d. Breach of the Covenant of Good Faith and Fair Dealing

The Second Amended Complaint also alleges in Count Ten that "pursuant to the parties' agreements and relationships, Defendants had an affirmative duty of good faith and fair dealing with respect to their relationship with Plaintiff and in connection with the rug businesses and real properties" (SAC ¶ 108) (emphasis added). Like the claims already discussed, this claim is also predicated on the resolution of the contract claim and must accordingly be dismissed.

e. Unjust Enrichment Claim

In addition to his breach of contract claim, Plaintiff alleges unjust enrichment (Count IX). Under New York law, where a plaintiff has paid the defendant money pursuant to an unenforceable agreement, he may obtain restitution damages under an implied-in-law contract theory where there

is found to be no enforceable contract, but in equity and good conscience the defendant should not retain the amounts paid to him. See Hamlin Beach Camping, Catering, & Concessions Corp. v. State, 303 A.D.2d 849, 756 N.Y.S.2d 354, 358 (3d Dep't 2003); RTC Props., Inc. v. Bio Res., Ltd., 295 A.D.2d 285, 744 N.Y.S.2d 173 (1st Dep't 2002).

Although a plaintiff initially may raise both breach of contract and unjust enrichment claims, a plaintiff cannot prevail on both because the determination that an enforceable contract existed necessarily precludes an unjust enrichment claim based on the same underlying agreement. Were Majid and Hamid to be held liable for the full amount of restitution under the unjust enrichment claim, Abbas could plead the existence of a contract in defense of a subsequent proceeding for contribution. Thus, there is a risk of inconsistent judgments if Plaintiff were allowed to proceed on the unjust enrichment claim in Abbas' absence. See, supra, FN 2. Plaintiff's unjust enrichment claim, therefore, must be dismissed.

f. Declaratory Judgment

Plaintiff also alleges that "pursuant to the parties' written and oral agreements, Plaintiff is entitled to a minimum of one-quarter ownership interest, with all rights thereto, in each of the rug businesses and in each of the

Real Estate Properties" (SAC ¶ 15) (emphasis added). As the contract claim has been dismissed, this claim must be dismissed as well, as it cannot proceed without adjudication of the contract claim which requires Abbas' presence.

**D. Conclusion**

Pursuant to Rule 19 of the Federal Rules of Civil Procedure and for the reasons stated above, Abbas Kermanshah is found to be a necessary and indispensable party to this action. As he is nondiverse, and therefore cannot be joined, the action is dismissed in its entirety for lack of subject matter jurisdiction without prejudice to Plaintiff bringing this action in a state court where the limitations on federal court subject-matter jurisdiction do not apply. Accordingly, the Clerk of the Court is directed to close this case.

**SO ORDERED:**

**Barbara S. Jones**

**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York

May 11, 2010